**In re James D. HUTCHINSON,
Respondent.**

No. 83–1026.

District of Columbia Court of Appeals.

Argued Oct. 28, 1983.

Decided April 19, 1984.

Jackson H. Rose, Asst. Bar Counsel, Washington, D.C., with whom Thomas H. Henderson, Jr., Bar Counsel, Washington, D.C., was on pleadings, for petitioner.

John M. Bray, Washington, D.C., with whom Judah Best and Charles J. Landy, Washington, D.C., were on pleadings, for respondent.

Before KERN, FERREN and TERRY, Associate Judges.

TERRY, Associate Judge:

The question before us in this disciplinary proceeding is whether an attorney who has been convicted of a misdemeanor under 15 U.S.C. § 78ff(a)[1] and 17 C.F.R.

---

**1.** 15 U.S.C. § 78ff(a) provides in pertinent part:

Any person who willfully violates any provision of this chapter (other than section 78dd–1 of this title), or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter ...

shall upon conviction be fined not more than $10,000, or imprisoned not more than five years, or both ... but no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation.

§ 240.14e–3(d)(1)[2] committed a "serious crime," as that term is used in Rule XI, § 15 of our Rules Governing the Bar. If the answer to that question is yes, then the rule requires that the attorney be immediately suspended from the practice of law, pending final disposition of the disciplinary proceeding. We conclude that a misdemeanor violation of the regulation here at issue[3] is not *per se* a serious crime; therefore, respondent's immediate suspension is not mandated under our rule.

■ In the United States District Court for the District of Columbia, respondent entered a plea of guilty to a misdemeanor violation of 17 C.F.R. § 240.14e–3(d)(1). After a hearing, he was sentenced to pay a fine of $10,000. A misdemeanor is not necessarily a "serious crime" under our disciplinary rules. Rule XI, § 15(2) provides:

> The term "serious crime" shall include any felony and any lesser crime *a necessary element of which, as determined by the statutory or common law definition of such crime,* involves improper conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit,

bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a "serious crime". [Emphasis added.]

Since the offense of which respondent was convicted was not a felony, we must decide whether its "necessary elements" involve fraud, deceit, or any other component of the definition of a serious crime.

■ Bar Counsel urges us to look beyond the statutory definition of this crime to the facts alleged in the information to which respondent pleaded guilty. We decline to do so for two reasons. First, we cannot really be sure that we know all the facts. All that we have before us is the information itself, a written proffer from the government stating what it would have shown if the case had gone to trial, and the transcript of the hearing on the guilty plea in which the prosecutor read the written proffer into the record. We do not know, and we have no ready way to find out, whether there are other facts relevant to this disciplinary proceeding. This court is not equipped to engage in fact-finding.[4] That function, in disciplinary proceedings, rests with the Board on Professional Responsibility, whose findings of fact we must accept if they are supported by sub-

---

**2.** 17 C.F.R. § 240.14e–3 provides in pertinent part:

> (d)(1) As a means reasonably designed to prevent fraudulent, deceptive or manipulative acts or practices within the meaning of section 14(e) of the Act, it shall be unlawful for any person described in paragraph (d)(2) of this section to communicate material, non-public information relating to a tender offer to any other person under circumstances in which it is reasonably foreseeable that such communication is likely to result in a violation of this section *except* that this paragraph shall not apply to a communication made in good faith [to certain specified individuals]....
> (2) The persons referred to in paragraph (d)(1) of this section are:
> (i) The offering person or its officers, directors, partners, employees or advisors;
> (ii) The issuer of the securities sought or to be sought by such tender offer or its officers, directors, partners, employees or advisors;

> (iii) Anyone acting on behalf of the persons in paragraph (d)(2)(i) of this section or the issuer or persons in paragraph (d)(2)(ii) of this section; and
> (iv) Any person in possession of material information relating to a tender offer which information he knows or has reason to know is non-public and which he knows or has reason to know has been acquired directly or indirectly from any of the above.

**3.** Under the statute, a willful violation of the regulation is a criminal offense—a misdemeanor if the offender has no knowledge of the regulation, a felony otherwise.

**4.** In one recent disciplinary case we found it necessary to appoint a special master to make factual findings. *In re Cummings,* 471 A.2d 254 (D.C.1984). That case, however, involved unusual circumstances which are not present here.

stantial evidence. *See, e.g., In re Dwyer*, 399 A.2d 1, 11 (D.C.1979). At this stage of the proceedings against respondent, however, the Board has not yet made any findings.

Moreover, our Rules Governing the Bar preclude us from considering at this stage the facts on which respondent's conviction was based. The court's obligation under Rule XI, § 15(1) [5] is to determine whether a particular offense fits within the definition of a "serious crime" set forth in Rule XI, § 15(2). The plain language of the latter section requires us to look only to the necessary elements of the crime, as specified by statute, in making that determination. *Compare In re Colson*, 412 A.2d 1160 (D.C.1979) (en banc).[6] We must decide, considering only the statute (or, in a case such as this, the statute and the regulation), whether the least culpable person who could be convicted would have committed a serious crime as defined by section 15(2). The issue is strictly one of law, not fact.

This does not mean that respondent's actual misconduct will never be scrutinized in a disciplinary context, but only that it will not enter into our legal decision whether the offense of which respondent has been convicted is a serious crime. Whenever it is established that an attorney has committed a serious crime, the Board on Professional Responsibility must conduct a "formal proceeding" under Rule XI, § 15(4) of our Rules Governing the Bar, "in which the sole issue to be determined shall be the nature of the final discipline to be imposed...." Whenever it is determined that a particular crime committed by an attorney is not a serious crime, we must still refer the matter to the Board (except in the case of a minor offense) under Rule XI, § 15(5), "for whatever action [the Board] may deem warranted, including the institution of an investigation by Bar Counsel or a formal proceeding before a hearing committee...." In either event, under section 15(4) or section 15(5), the underlying facts in the criminal case will be taken into account in deciding what disciplinary sanction to impose.

■ For now, however, our task is simply to determine whether respondent's misdemeanor was a serious crime. We conclude that it was not. Under the statute and regulation here at issue, as applied to respondent, the offense has five elements. First, the accused must be in possession of information relating to a tender offer; second, he must know or have reason to know that the information is non-public; third, he must know or have reason to know that the information has been acquired, directly or indirectly, from the offeror or issuer or any agent of either; fourth, the accused must communicate the information to another person; and fifth, it must be reasonably foreseeable that the communication is likely to result in a fraudulent, deceptive, or

5. Rule I, § 15(1) of our Rules Governing the Bar provides that, upon the filing with this court of a certified copy of a court record demonstrating that an attorney has been found guilty of a serious crime, this court "shall enter an order immediately suspending the attorney ... pending final disposition of a disciplinary proceeding to be commenced upon such finding."

6. D.C.Code § 11–2503(a) (1981) requires the immediate suspension of an attorney "convicted of an offense involving moral turpitude," a term not defined in the statute. We recognized in *In re Colson, supra*, that some types of crimes involve moral turpitude, but others do not. Accordingly, we held that if the crime of which an

attorney has been convicted does not "manifestly involve moral turpitude by virtue of [its] underlying elements," the Board on Professional Responsibility "must make an initial determination as to whether the attorney's crime inherently involved moral turpitude." 412 A.2d at 1164. Such a determination by the Board may take into account "the circumstances of the transgression in addition to the inherent nature of the crime." *Id.* at 1165. Our task in the instant case is different. Because Rule XI, § 15(2) defines a "serious crime" (other than a felony) solely by reference to the statutory or common-law elements of the offense, we cannot look to the "circumstances of the transgression" to determine whether a particular crime is "serious."

manipulative act or practice in violation of the regulation. Crucially, no intent of any kind is required in order to be convicted; a negligent communication is sufficient. Therefore, since the components of the definition of a serious crime relevant to this case are all intentional acts, such as fraud and deceit, and intent is not a necessary element of the crime of which respondent was convicted, respondent's offense cannot be deemed a serious crime under Rule XI, § 15(2).

The request of Bar Counsel for respondent's immediate suspension is accordingly denied. This case is referred to the Board on Professional Responsibility for further proceedings under Rule XI, § 15(5).

*It is so ordered.*