**In re Frederick M. KERR, Respondent.**

**No. 89–SP–1254.**

District of Columbia Court of Appeals.

Argued March 4, 1992.

Decided Aug. 7, 1992.

Elizabeth A. Herman, Asst. Bar Counsel, with whom Wallace E. Shipp, Jr., Acting Bar Counsel, Washington, D.C., at the time the brief was filed, for petitioner, the Office of Bar Counsel.

Joan L. Goldfrank, Executive Atty., Washington, D.C., for the Board on Professional Responsibility.

Raymond O. Gross, Clearwater, Fla., for respondent.

Before TERRY and KING, Associate Judges, and BELSON, Senior Judge.

TERRY, Associate Judge:

This case represents the latest of our continuing efforts to define the term "moral turpitude" as it applies to attorney misconduct. Respondent, an attorney, was convicted of violating 26 U.S.C. § 7206(1) (1988), which makes it a crime to file a false tax return "[w]illfully ... under the penalties of perjury." We must decide whether that crime involves moral turpitude *per se*. The Board on Professional Responsibility ("the Board") argues that it does not; Bar Counsel, however, maintains that it does. We conclude that the Board's reasoning is more consistent with our case law. We therefore decline to disbar respondent, as Bar Counsel urges, and instead suspend him from the practice of law for one year, as recommended by the Board.

I

Respondent Frederick Kerr, a member of the bar of this court, has admitted that he knowingly filed a false federal income tax return in 1978. During that year he asked his employer to pay $8,000 of his annual salary to his fiancee, Hedy Valenzuela (whom he later married). The employer did as requested and paid Ms. Valenzuela $8,000 of Mr. Kerr's salary. Mr. Kerr did not report that $8,000 as income on his federal tax return for 1978, although Ms. Valenzuela did report it and paid the applicable tax. Kerr later filed an amended tax return declaring the $8,000 as his own income. He paid an additional tax on that sum, along with an assessed penalty.

Mr. Kerr's failure to report as income the $8,000 paid by his employer to Ms.

Valenzuela resulted in his indictment for the willful filing of a false tax return. On August 5, 1988, he pleaded guilty in the United States District Court for the Northern District of California to one count of violating 26 U.S.C. § 7206(1).[1] He was later sentenced to pay a fine of $2,000, which he paid on the day of sentencing.

In due course Bar Counsel submitted to this court a certified copy of Kerr's criminal conviction. On November 21, 1989, we issued an order suspending Mr. Kerr from the practice of law in the District of Columbia and directing the Board to institute formal disciplinary proceedings, in the course of which the Board was to determine whether Kerr's crime involved moral turpitude, as that term is used in D.C.Code § 11–2503(a) (1989).[2] In a later order the Board concluded that "a violation of 26 U.S.C. § 7206(1) does not constitute moral turpitude *per se* " and referred the matter to a hearing committee to make factual findings and a determination of whether or not Kerr's actual conduct involved moral turpitude. After a hearing, the hearing committee found that although Kerr had violated Disciplinary Rule 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), his filing of a false tax return did not involve moral turpitude.[3] The hearing committee recommended that Kerr be suspended from the practice of law for one year. The Board agreed with the hearing committee and now makes the same recommendation to us.

II

D.C.Code § 11–2502 (1989) empowers this court to discipline members of

---

1. 26 U.S.C. § 7206(1) provides:
    Any person who ... [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter ... shall be guilty of a felony....

2. Section 11–2503(a) mandates the disbarment of any member of our bar who "is convicted of an offense involving moral turpitude...." Disbarment under section 11–2503(a) is different

from "ordinary" disbarment. For a brief discussion of the difference, *see In re Rosenbleet*, 592 A.2d 1036, 1037 n. 3 (D.C.1991).

3. The hearing committee found that Kerr's actions did not demonstrate fraudulent intent or intentional dishonesty for personal gain. Bar Counsel asserted that Kerr understated his income in order to reduce his obligation under a property settlement with his estranged wife. The hearing committee, however, found the record "unsatisfying" on the issue of Kerr's motive for the false filing.

the bar of the District of Columbia who engage in misconduct. "In the final analysis, the responsibility to discipline lawyers is the court's. The buck stops here." *In re Shillaire*, 549 A.2d 336, 342 (D.C.1988). While we have established the Board on Professional Responsibility to aid us in our disciplinary function, this court has the sole authority to censure, suspend, or disbar an attorney in the District of Columbia. *In re Dwyer*, 399 A.2d 1, 11 (D.C.1979). We review *de novo* any Board determination of moral turpitude, since "the ultimate issue of moral turpitude is one of law rather than of fact." *In re Shillaire, supra*, 549 A.2d at 343.

D.C.Bar Rule XI, § 10 sets forth the disciplinary steps to be taken when a member of the bar is convicted of a crime. Bar Counsel begins formal disciplinary action by filing a certified copy of the conviction with the Board and this court. If the convicted attorney has committed a "serious crime," [4] he or she must be immediately suspended (as Mr. Kerr was in November 1989) while the Board conducts further proceedings to determine the ultimate discipline. *See* Rule XI, § 10(c). The Board then makes a preliminary determination of whether the statutory elements of the convicted attorney's crime involve moral turpitude *per se*. "The threshold focus ... is on the *type* of crime committed rather than on the factual context surrounding the actual commission of the offense." *In re Colson*, 412 A.2d 1160, 1164 (D.C.1979) (en banc) (emphasis in original). If the Board finds that the crime "inherently involves moral turpitude," its inquiry is complete; it "must recommend disbarment." *Id.*

If the Board's threshold examination of the elements of the crime establishes that it does not involve moral turpitude *per se*, the Board refers the matter to a hearing committee for an inquiry into the facts surrounding the conviction. *See* Rule XI, § 10(d). The hearing committee then determines whether or not the attorney's conduct demonstrated moral turpitude. It may hold a hearing, and it must ultimately recommend a sanction to the Board. The Board either accepts that recommendation or rejects it and makes one of its own, then forwards the case to this court for final disposition.

In the instant case, the only contested issue is whether the Board was correct in its threshold determination that a violation of 26 U.S.C. § 7206(1) does not involve moral turpitude *per se*.[5] The Board held that the elements of filing a false tax return in violation of section 7206(1) do not inherently involve moral turpitude. In reaching that conclusion, the Board relied heavily on this court's decision in *In re Shorter*, 570 A.2d 760 (D.C.1990), in which we held that a violation of 26 U.S.C. § 7201 (1988), which makes purposeful evasion of the payment of taxes a crime, does not involve moral turpitude *per se*.[6] Bar Counsel maintains that violating 26 U.S.C. § 7206(1) does inherently involve moral turpitude, in accordance with his general view that the filing of a false tax return is essentially perjury. Since this court held in *In re Meisnere*, 471 A.2d 269 (D.C.1984), that perjury is a crime which involves moral turpitude *per se*, Bar Counsel argues that the elements of 26 U.S.C. § 7206(1) must similarly involve moral turpitude.

Looking strictly at the elements of the offense and not the facts surrounding Mr. Kerr's conviction, as *Colson* and other cases require, this court must make its own determination of whether a violation of section 7206(1) inherently involves moral turpitude. That term has "less than a finite definition," *In re Colson, supra*, 412 A.2d at 1167, and our reliance on the dictionary

---

4. The term "serious crime" includes all felonies as well as a number of other crimes described in D.C.Bar Rule XI, § 10(b). *See In re Hutchinson*, 474 A.2d 842 (D.C.1984).

5. There is no dispute that the particular facts surrounding Mr. Kerr's filing of a false tax return do not establish moral turpitude. See note 3, *supra*.

6. The Board also relied on this court's decision in *In re McConnell*, 502 A.2d 454 (D.C.1985), in which we held that a violation of 26 U.S.C. § 7206(2) (1988), which proscribes "[w]illfully aid[ing] or assist[ing] in" the filing of a false tax return, is not an offense inherently involving moral turpitude.

to ascertain its meaning has not always been too helpful. *See id.* at 1168 (citing two dictionary definitions). At best, we have concluded that "[i]f a crime is one involving moral turpitude, it is because the act denounced by the statute offends the generally accepted moral code of mankind." *Id.* That precept does not offer much guidance in this case, in which we must deal with a statute providing that any person who "[w]illfully makes and subscribes any return ... which contains or is verified by a written declaration that it is made under the penalties of perjury, and which [that person] does not believe to be true and correct as to every material matter" is guilty of a felony.

We turn, consequently, to the case law, on which both the Board and Bar Counsel rely. The Board regards 26 U.S.C. § 7206(1) as a tax evasion statute; Bar Counsel, on the other hand, interprets it as closer to a perjury statute. That distinction defines their respective arguments. Since this court held in *Shorter* that tax evasion does not involve moral turpitude *per se* and in *Meisnere* that perjury does involve moral turpitude *per se*, our placement of 26 U.S.C. § 7206(1) in one category or the other—tax evasion or perjury— would begin and end our inquiry. Unfortunately, our task is not that easy, for section 7206(1) does not fit neatly into either category.

We put to one side the question of whether a violation of 26 U.S.C. § 7206(1) is a lesser included offense of the crime defined in 26 U.S.C. § 7201, the general tax evasion statute which was at issue in *In re Shorter, supra.*[7] Some courts have held that whether the willful filing of a false tax return is a lesser included offense of tax evasion depends on the facts of each case.[8] But that analysis may no longer be valid in light of *Schmuck v. United States*, 489 U.S. 705, 715–721, 109 S.Ct. 1443, 1450– 1453, 103 L.Ed.2d 734 (1989), which rejected a fact-based test in favor of an "elements test" for determining whether one offense is necessarily included in another. Whether prior case law on this point survives *Schmuck* is a question we will leave for the federal courts. Besides, the Board in this case did not really say that filing a false tax return (section 7206(1)) was a lesser included offense of tax evasion (section 7201). Rather, it adopted the position of the hearing committee, which said simply that tax evasion was "the more serious offense" without discussing whether either was included within the other.

■ In any event, *Shorter* is instructive for our purposes here. We held in *Shorter* that tax evasion in violation of section 7201 "does not, *per se*, involve an act of moral turpitude." 570 A.2d at 766. Adverting to definitions of moral turpitude which speak of "baseness, vileness, or depravity," we went on to quote from a fifty-year-old federal tax evasion case:

> We are not prepared to rule that an attempt to evade the payment of a tax ... wrong as it is, unlawful as it is, immoral as it is, is an act evidencing baseness, vileness, or depravity of moral character. The number of men who have

---

7. The Board points to federal case law which interprets section 7206(1) as defining a lesser included offense of tax evasion under section 7201. *See United States v. Kaiser,* 893 F.2d 1300 (11th Cir.1990); *United States v. White,* 417 F.2d 89 (2d Cir.1969), *cert. denied,* 397 U.S. 912, 90 S.Ct. 910, 25 L.Ed.2d 92 (1970); *United States v. Lodwick,* 410 F.2d 1202 (8th Cir.), *cert. denied,* 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969); *Gaunt v. United States,* 184 F.2d 284 (1st Cir. 1950), *cert. denied,* 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662 (1951). The Board argues, in effect, that since this court decided in *Shorter* that the greater offense did not inherently involve moral turpitude, it would be anomalous to hold otherwise with respect to the lesser offense.

8. A violation of section 7206(1) requires the willful signing of a false tax return under penalty of perjury, even if the reason for the signing is not to evade taxes. But such a violation may be a lesser included offense of tax evasion under section 7201 if the filing of the false return is done with an intent to evade. As the Second Circuit observed in *United States v. White, supra* note 7, "the perjury offenses charged under § 7206 may separately form the basis for an indictment; but where proof of willfully attempted evasion under § 7201 also proves, as an incident to the willful evasion, the preparing and subscribing of a fraudulent return, the specific form of fraudulent conduct merges into the inclusive fraud charged under § 7201." 417 F.2d at 94.

at some time sought to evade the payment of a tax or some part of a tax to a taxing authority is legion. Any man who does that should be punished civilly or by criminal sentence, but to say that he is base or vile is to misuse words.

*United States v. Carrollo,* 30 F.Supp. 3, 7 (W.D.Mo.1939), cited in *Shorter, supra,* 570 A.2d at 766. We think that this language applies equally to the filing of a false tax return. We agree with the Board that the filing of a false tax return is close in character to tax evasion; as *White, Kaiser,* and other cases recognize, one often constitutes the other. Given our holding in *Shorter* that tax evasion does not involve moral turpitude *per se,* it would be difficult for us to hold exactly the opposite with respect to filing a false tax return.

*In re McConnell, supra* note 6, is consistent with *Shorter* and with the Board's position here. In *McConnell* we adopted the Board's holding that aiding and abetting two other persons in the filing of false tax returns, in violation of 26 U.S.C. § 7206(2), "was not one of the narrow class of crimes which *on their face* involve moral turpitude...." 502 A.2d at 455 (emphasis added). The Board did go on to find that the circumstances surrounding McConnell's conviction, particularly the fact that the tax returns at issue were not only false but fraudulent, added an element of moral turpitude to his actions. In the instant case, however, the hearing committee found that

there was no evidence of fraudulent intent, a motive of tax evasion, any "calculated attempt to harm others," or "intentional dishonesty for personal gain," citing *Shorter, supra,* 570 A.2d at 765–766. Although the hearing committee said that it "would not require much evidence beyond the minimum facts necessary for conviction in order to tip the scale toward a finding of moral turpitude," it ruled that even this very low evidentiary threshold had not been crossed. In the committee's words, "The record establishes only that respondent knowingly filed a false income tax return under penalties of perjury—no more." The Board adopted the hearing committee's findings and conclusions.

■ Bar Counsel's assertion that the filing of false tax returns is more analogous to perjury than it is to tax evasion is unpersuasive. While the word "perjury" is contained in 26 U.S.C. § 7206(1),[9] the fact remains that Mr. Kerr was not charged with perjury, even though he could have been.[10] Rather, for reasons not revealed by the record, he was charged only with the willful filing of a false tax return. We agree with the Board that this is a critical distinction. Because Mr. Kerr could have been charged with perjury, but was not, we will not treat the crime with which he was charged as the equivalent of perjury. *Cf. In re Hutchinson,* 534 A.2d 919, 922 (D.C. 1987) (en banc).[11] Indeed, the elements of

**9.** We are aware that 26 U.S.C. § 7206(1) and its predecessors have been regarded as perjury statutes by several courts. *See United States v. Marashi,* 913 F.2d 724, 736 (9th Cir.1990) ("Section 7206(1) is a perjury statute; it is irrelevant whether there was an actual tax deficiency"); *United States v. Romanow,* 509 F.2d 26, 28 (1st Cir.1975) ("We have said that the primary purpose of section 7206(1) is to impose the penalties of perjury" (citations and internal quotation marks omitted)); *United States v. White, supra* note 7, 417 F.2d at 94 ("The offense charged is perjury, the operative element is the signature under oath, and the felony penalties reflect the seriousness of this method of committing fraud"); *Kolaski v. United States,* 362 F.2d 847, 848 (5th Cir.1966) ("The statute here involved is a perjury statute. As in the general statute on perjury ... the gist of the offense is a false statement, willfully made, of a material matter"); *Gaunt v. United States, supra* note 7, 184 F.2d at 288 (the purpose of the statute "is to

impose the penalties for perjury upon those who willfully falsify their returns regardless of the tax consequences of the falsehood").

**10.** The federal perjury statute, 18 U.S.C. § 1621 (1988), permits anyone who, in any declaration or statement "under penalty of perjury ... willfully subscribes as true any material matter which he does not believe to be true" to be charged with perjury.

**11.** The attorney in *Hutchinson* pleaded guilty to a misdemeanor not involving moral turpitude, although he could have been charged with—and presumably convicted of—more serious offenses, including perjury. *See* 534 A.2d at 924. The Board later found that his overall conduct, but not the specific crime of which he was convicted, involved moral turpitude in violation of a disciplinary rule. However, because "the finding of moral turpitude was unrelated to Hutchinson's criminal conviction," we did not

these two offenses are completely different, as a comparison of 18 U.S.C. § 1621 and 26 U.S.C. § 7206(1) will show. The Board points out that, depending on the relevant facts, a person may be convicted of violating one statute but not the other. For this reason *Meisnere* does not control this case—as Bar Counsel implicitly acknowledges, for he argues from *Meisnere* only by analogy.

Bar Counsel maintains that this court held in both *In re Price*, No. M–119–82 (D.C. November 3, 1982), and *In re Downes*, No. M–108–82 (D.C. September 8, 1982), two unpublished disciplinary opinions,[12] that a violation of 26 U.S.C. § 7206(1) involves moral turpitude *per se.* A close reading of those opinions, however, yields a different conclusion. In each case the Board referred the matter to a hearing committee for factual findings as to the nature of the alleged misconduct—exactly what the Board did here. Because those findings were presumably before both the Board and this court for review, we think it reasonable to infer that the court's conclusion that moral turpitude was involved in *Price* and *Downes* was not a *per se* determination.

■ We conclude, primarily on the basis of *In re Shorter*, that the offense proscribed by 26 U.S.C. § 7206(1) does not involve moral turpitude *per se*, and that Mr. Kerr is therefore not required to be disbarred under D.C.Code § 11–2503(a). Without examining the facts of a respondent's conduct, we cannot classify the filing of a false tax return as an offense involving moral turpitude. It is fairly easy to imagine circumstances in which an attorney's violation of section 7206(1) would be "[a]n act of baseness, vileness, or depravity in the ... social duties which a man owes to his fellow men or to society in general...." *In re Colson, supra,* 412 A.2d at 1168 (citation omitted). But it is also easy to posit a situation in which the willful filing of a false tax return does not sink to the level of moral turpitude. Since the

facts often make all the difference in cases involving section 7206(1), a finding of moral turpitude *per se* would be unfairly inflexible. As we said in a footnote in *Colson:*

> [T]here will be situations in which the question whether a crime inherently involves moral turpitude is very difficult, and that in such cases the Board accordingly will want to err on the side of admitting evidence that goes to the moral implications of the particular respondent's acts, as a way of determining whether *his particular offense* involved moral turpitude, even if the crime cannot be said *per se* to do so.

*Colson, supra,* 412 A.2d at 1165 n. 10 (emphasis in original). Today we follow the course charted in *Colson* and, if we err at all, "err on the side of admitting evidence" of this particular respondent's acts.

### III

■ The Board has recommended that Mr. Kerr be suspended for one year from the practice of law. It also urges that whatever sanction we impose on Mr. Kerr be retroactive to November 21, 1989, the date of his original suspension under Rule XI, § 10(c). Mr. Kerr does not contest either recommendation, and we accept both.

It is therefore ORDERED that Frederick M. Kerr be, and hereby is, suspended from the practice of law in the District of Columbia for a period of one year, effective November 21, 1989.

---

have to decide whether he was subject to disbarment under D.C.Code § 11–2503(a). *Id.* at 922 n. 5.

12. *See* D.C.Ct.App.R. 28(h).