**In re Valerie J. GLOVER–TONWE, Respondent.**

**No. 92–SP–875.**

District of Columbia Court of Appeals.

Submitted May 26, 1993.

Decided June 17, 1993.

Michael S. Frisch, Asst. Bar Counsel, filed a brief for the Office of Bar Counsel.

Valerie J. Glover–Tonwe, respondent pro se.

Before TERRY and WAGNER, Associate Judges, and REILLY, Senior Judge.

REILLY, Senior Judge:

The respondent, a member of the bar of this court, as well as a member of the Pennsylvania bar, was convicted in the United States District Court for the District of Delaware on her pleas of guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and bribery of a public official in violation of 18 U.S.C. §§ 210 & 201(b)(1)(A). *United States v. Tonwe*, CR 91–21 (March 3, 1992). The Board on Professional Responsibility (the Board) recommends that the respondent be disbarred from the practice of law in the District of Columbia. We accept this recommendation.

These proceedings began when this court received a certified copy of respondent's conviction and, on April 8, 1992, suspended respondent from the practice of law in the District of Columbia and instructed the Board to determine whether the offenses for which respondent had been convicted involved moral turpitude. D.C.Code § 11–2503(a) (1981 & 1992 Supp.). Before the Board had issued its report and recommendation, a certification of respondent's disbarment "on consent" by an order of the Supreme Court of Pennsylvania was transmitted to this court. Chief Judge Rogers entered an order dated July 24, 1992, directing the Board to recommend whether reciprocal discipline should be imposed or to proceed *de novo* pursuant to Rule XI, § 8.

On January 15, 1993, the Board submitted a report finding that the federal offenses for which respondent had been convicted and sentenced, involved moral turpitude *per se,* and accordingly, recommended that respondent should be disbarred under § 11–2503(a), *supra.*

The Board's finding with respect to the character of the particular offenses is amply supported by decisions of this court dealing with the identical issue. *In re Colson*, 412 A.2d 1160, 1164 (D.C.1979) (en banc). We agree with the Board that the crime of bribery "inherently involves moral turpitude" and therefore triggers automatic disbarment. *Id.* at 1165–68; *see also In re Willcher*, 447 A.2d 1198 (D.C.1982); *In re Roberson*, 429 A.2d 530 (D.C.1981) (en banc). We have previously affirmed a Board finding that a conviction under 18 U.S.C. § 201(c) (1982) for soliciting or receiving a bribe constitutes a crime inherently involving moral turpitude. *In re Sucher*, No. 85–673 (Order of March 30, 1987).[1] *See also In re Borders*, No. M–122–82 (Order of August 31, 1983). Accordingly, respondent is hereby disbarred from the practice of law in the District of Columbia.[2] The disbarment shall be retroactive to April 8, 1992, the date of her temporary suspension.

*So ordered.*

---

1. For present purposes, § 201(b), which punishes the offeror of the bribe, and § 201(c), which punishes the official who accepts it, require the same intent and are functionally equivalent.

2. Adverting to our order of July 24, the Board reported that because disbarment is mandatory in cases stemming from convictions for crimes involving moral turpitude, the issue of considering reciprocal discipline is moot. In light of our disposition, we agree that this question has become academic.