**[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 80.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* GLOVER.

**[Cite as Disciplinary Counsel v. Glover, 1994-Ohio-9.]**

*Attorneys at law—Misconduct—Indefinite suspension—Reciprocal discipline after being disbarred in the District of Columbia and Pennsylvania for conviction of conspiracy to defraud the United States and bribery of a public official.*

(No. 94-520—Submitted April 25, 1994—Decided August 24, 1994.)

ON NOTIFICATION OF DISCIPLINARY COUNSEL.

_____

{¶ 1} By letter dated March 7, 1994, relator, Office of Disciplinary Counsel, notified the court that respondent Valerie Jamella Glover, a.k.a. Valerie Jamella Glover-Tonwe of Cleveland, Ohio, Attorney Registration No. 0037197, had been disbarred on consent by the Supreme Court of Pennsylvania on February 4, 1992, after having submitted her affidavit of resignation to that court, and had been disbarred effective April 8, 1992 by the District of Columbia Court of Appeals, after having been convicted of conspiracy to defraud the United States in violation of Section 371, Title 18, U.S. Code, and of bribery of a public official in violation of Sections 210 and 201(b)(1)(A), Title 18, U.S. Code—both crimes involving moral turpitude. *In re Glover-Tonwe* (D.C.App. 1993), 626 A.2d 1387. On April 16, 1992, we indefinitely suspended respondent from the practice of law pursuant to Gov. Bar R. V(9) for conviction of a felony.

{¶ 2} On March 15, 1994, we issued respondent an order, pursuant to Gov. Bar R. V(11)(F)(4), to show cause why identical or comparable discipline to that imposed by other jurisdictions would be unwarranted. On April 4, 1994, respondent responded to the show-cause order, stating that she had been convicted of the aforestated crimes and sentenced to thirty-seven months in prison, "[a]lthough it was determined that respondent committed these crimes while

suffering from a mental illness * * * ." Respondent offered no substantiation of her claim of mental illness. Respondent also stated that disbarment on consent in Pennsylvania and disbarment for moral turpitude in the District of Columbia would permit reinstatement after five years. She argued, therefore, that comparable discipline in this state should include the possibility of reinstatement.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Valerie J. Glover*, pro se.

———————————

*Per Curiam.*

**{¶ 3}** Respondent is hereby indefinitely suspended from the practice of law in this state. She may not apply for reinstatement until she submits proof of reinstatement in Pennsylvania and the District of Columbia. Costs taxed to respondent.

*Judgment accordingly*.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

———————————