**In re Beth Ann CARPENTER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 02–BG–1349.

District of Columbia Court of Appeals.

Submitted Feb. 5, 2004.

Resubmitted Dec. 22, 2005.

Decided Jan. 19, 2006.

Before FARRELL and REID, Associate Judges, and KING, Senior Judge.

PER CURIAM:

Respondent was found guilty by a Connecticut jury of capital felony, murder as an accessory, and conspiracy to commit murder, all arising from her complicity in the shooting death of Anson B. "Buzz" Clinton III in March of 1994. The Supreme Court of Connecticut affirmed respondent's convictions on October 11, 2005. The Board on Professional Responsibility recommends her disbarment under D.C.Code § 11–2503(a) (2001) (requiring disbarment upon conviction for a crime involving moral turpitude). *See generally In re Colson,* 412 A.2d 1160 (D.C.1979) (en banc). We accept the recommendation.

A crime may involve moral turpitude either "inherently," *i.e.,* by consideration strictly of its statutory elements, *id.* at 1164; *see In re Shorter,* 570 A.2d 760, 765 (D.C.1990) (per curiam) (court considers first whether "crimes were *pe se* acts of moral turpitude"), or on the facts of a particular case. *Colson,* 412 A.2d at 1165; *Shorter,* 570 A.2d at 765. Respondent was convicted of murder for pecuniary gain, a "capital felony" under Connecticut law. *See* Conn. Gen.Stat. § 53a–54b (defining capital felony in part as a "murder committed by one who is hired by the defendant to commit the same for pecuniary gain"). She was also convicted of accessory to murder and conspiracy to commit murder. All of these convictions required proof of a specific intent to commit the criminal act. *See, e.g., id.* ("Only an intentional murder can be a predicate murder to [a] capital felony charge under this section."); *State v. Aponte,* 259 Conn. 512, 790 A.2d 457, 459–61 (2002) (jury instruction to find "specific intent to cause the death of the victim" adequate for crime of conspiracy to commit murder); Conn. Gen.Stat. § 53a–8 (a) ("A person, acting with the mental state required for commission of an offense, who solicits ... or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct ... as if he were

the principal offender"). All three convictions are equivalent to the commission of, or conspiracy to commit, first-degree premeditated murder under District of Columbia law. *See* D.C.Code § 22–2101 (2001).

Thankfully, this court has not had to consider before, in regard to attorney discipline, whether first-degree murder is a crime of moral turpitude *per se.* But the answer is self-evident. First-degree murder—including murder for pecuniary gain—"offends the generally accepted moral code of mankind." *Colson,* 412 A.2d at 1168. We have consistently found moral turpitude inherent in crimes having dishonest intent as an element, such as intent to defraud or steal. *See, e.g., In re Evans,* 793 A.2d 468 (D.C.2002) (wire and mail fraud); *In re Wiley,* 666 A.2d 68 (D.C. 1995) (felony theft). If a conviction of felony theft involves moral turpitude *per se,* a conviction of murder for pecuniary gain must also.

Accordingly, as required by D.C.Code § 11–2503(a), respondent Beth Ann Carpenter is hereby disbarred from the practice of law in the District or Columbia.

*So ordered.*