**In re David F. LUVARA, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 04–BG–814.

District of Columbia Court of Appeals.

Submitted Feb. 1, 2008.[*]

Decided Feb. 7, 2008.

---

* The case was initially submitted on May 1, 2007, but stayed by order of this court, dated May 4, 2007, pending resolution of respondent's petition for allowance of appeal in the Pennsylvania Supreme Court. As that court denied the petition, *see Commonwealth v. Luvara*, No. 117 EAL 2007, —— Pa. ——, 940 A.2d 363 (Dec. 21, 2007), the stay has been lifted and the case resubmitted for consideration and decision on February 1, 2008.

Before RUIZ and BLACKBURNE–
RIGSBY, Associate Judges, and
NEBEKER, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility recommends that respondent, David F. Luvara, be disbarred. Respondent was admitted to the Bar of the District of Columbia Court of Appeals on June 20, 1983. On March 15, 2004, respondent was convicted in the Court of Common Pleas of Philadelphia County, Pennsylvania, of one count of conspiracy (a felony), one count of

intimidation of a witness (a felony), and one count of obstructing the administration of law or other government function (a misdemeanor). On December 18, 2006, respondent's conviction was affirmed by the Superior Court of Pennsylvania. Reconsideration was denied on March 13, 2007.[1] Neither respondent nor Bar Counsel takes exception to the Board's recommendation.

■ In the District of Columbia, disbarment is mandatory where a member of the Bar is convicted of "an offense involving moral turpitude." D.C.Code § 11–2503(a) (2001). "A crime may involve moral turpitude either 'inherently,' *i.e.*, by consideration strictly of its statutory elements ... or on the facts of a particular case." *In re Carpenter*, 891 A.2d 223 (D.C.2006) (internal citation omitted). The Board in this case concluded that intimidation of a witness under the Pennsylvania statute constitutes a crime of moral turpitude *per se*, a question of law which we review *de novo*. *See In re Kerr*, 611 A.2d 551, 553 (D.C.1992). In doing so, we analyze the statute of the criminal offense under which respondent was convicted, examining whether "the least culpable offender under the terms of the statute necessarily engages" in conduct involving moral turpitude. *In re Squillacote*, 790 A.2d 514, 517 (D.C.2002).

■ A crime necessarily involves moral turpitude if it is "contrary to justice, honesty, modesty, or good morals." *In re Colson*, 412 A.2d 1160, 1168 (D.C.1979) (en banc). Respondent was convicted of. violating 18 Pa. Cons.Stat. § 4952 (2002), which requires "intent ... or ... knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice."[2] This

1. Respondent was suspended upon being convicted. We stayed consideration of this disciplinary case pending final disposition of his appeal of the criminal conviction.

2. We have stated that "when a misdemeanor conviction is at issue, it is not enough to look solely to the elements of the offense to determine moral turpitude, even if the offense

*mens rea* requirement establishes that the least culpable offender convicted under the statute has committed an act that is "contrary to justice." The crime is similar to the offense of obstruction of justice, which we have held to involve moral turpitude in that the offender knowingly or intentionally disregards the system of law and due process that defines our civilized society. *See In re Colson*, 412 A.2d at 1165; *see also In re Shillaire*, 549 A.2d 336, 345 (D.C.1988) (concluding that "threatening a witness, which is closely related to obstruction of justice ... is deeply offensive to the moral code of our community, and indeed any community that hopes to remain civilized" (internal quotation marks omitted)). We, therefore, agree with the Board that intentionally or knowingly intimidating a witness is a crime of moral turpitude *per se*. Accordingly, it is

ORDERED that David F. Luvara is disbarred from the practice of law in the District of Columbia.

*So ordered.*

would involve moral turpitude *per se* were it a felony." *In re Spiridon*, 755 A.2d 463, 466 (2000). Respondent was convicted under subsection (b) of the Pennsylvania criminal statute, which defines intimidation of a witness as a felony where the commission involves any of the following:

> (i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge, upon any other person.
> (ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.
> (iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.
> (iv) The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.
> (v) The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

18 Pa. Cons.Stat § 4952(b).