**In re Jack B. JOHNSON, Respondent.**

**A Suspended Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 344291).**

**No. 11–BG–1224.**

District of Columbia Court of Appeals.

Submitted May 10, 2012.

Decided July 12, 2012.

Before BECKWITH and EASTERLY, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("the Board") recommends that respondent Jack Bruce Johnson be disbarred pursuant to D.C.Code § 11–2503(a) (2001) because he has been convicted of two

crimes of moral turpitude.[1] We adopt the Board's unopposed recommendation.

Mr. Johnson has been a member of the District of Columbia Bar since March 13, 1981. On May 17, 2011, in the United States District Court for the District of Maryland, Mr. Johnson pled guilty to attempted extortion under the color of official right, in violation of 18 U.S.C. § 1951, and attempted witness and evidence tampering, in violation of 18 U.S.C. § 1512(b)(2)(B). On December 6, 2011, he was sentenced to 87 months in prison with three years of supervised release.[2] Mr. Johnson did not report his criminal conviction to this court and the Board as required by D.C. Bar R. XI, § 10(a).

■ After being notified by Bar Counsel of Mr. Johnson's conviction, this court suspended him pursuant to D.C. Bar R. XI, § 10(c). We also directed the Board to institute a formal proceeding to determine the nature of the offenses and whether they involve moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001), and thus require disbarment.[3] The Board in this case concluded that extortion under the color of official right and witness and evidence tampering constitute crimes of moral turpitude *per se*. Reviewing this legal determination *de novo*, *In re Kerr*, 611 A.2d 551, 553 (D.C.1992), we reach the same conclusion.

■ The story of Mr. Johnson's misconduct and abuse of his office as the Prince George's County Executive has been well-publicized. We need not delve into these distasteful facts, however. If an offense "manifestly involve[s] moral turpitude by virtue of [its] underlying elements," disbarment is mandatory without inquiry into the specific conduct that led to the conviction. *In re Colson*, 412 A.2d 1160, 1164 (D.C.1979) (en banc).

■ What constitutes a crime of moral turpitude has not been defined with the utmost precision. *Kerr*, 611 A.2d at 554; *In re Shillaire*, 549 A.2d 336, 345 (D.C. 1988). We have said that a crime necessarily involves moral turpitude if "the act denounced by the statute grievously offends the moral code of mankind and would do so even in the absence of a prohibitive statute";[4] if "[i]t involves 'baseness, vileness[,] or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man' ";[5] or if it entails "conduct contrary to justice, honesty, modesty, or good morals."[6] We have also looked to see if commission of the crime requires "intentional dishonesty for personal gain."[7] Finally, we have observed that part of the calculus in assessing whether a crime is one of

---

1. Mr. Johnson has since been disbarred in Maryland; however, this court has not been asked to impose reciprocal discipline on Mr. Johnson pursuant to D.C. Bar Rule XI, § 11.

2. Mr. Johnson was also ordered to a pay a fine of $100,000, to undergo alcohol treatment, and to forfeit $78,000 and an antique Mercedes.

3. "Disbarment for conviction of an offense reached by § 11–2503(a)—*i.e.*, involving moral turpitude—is mandatory." *In re Patterson*, 833 A.2d 493, 493 (D.C.2003) (citing *In re Spiridon*, 755 A.2d 463, 466 (D.C.2000)).

Moreover, if an offense "manifestly involve[s] moral turpitude by virtue of [its] underlying elements," disbarment is mandatory without inquiry into the specific conduct that led to the conviction. *In re Colson*, 412 A.2d 1160, 1164 (D.C.1979) (en banc).

4. *In re Shorter*, 570 A.2d 760, 765 (D.C.1990).

5. *Id.*

6. *Colson*, 412 A.2d at 1168.

7. *Shorter*, 570 A.2d at 765.

moral turpitude *per se* is whether we can say that "the least culpable offender under the terms of the statute necessarily engages in conduct involving moral turpitude," *In re Squillacote,* 790 A.2d 514, 517 (D.C.2002)—or whether the Board "will want to err on the side of admitting evidence that goes to the moral implications of the particular respondents acts, as a way of determining whether his particular offense involved moral turpitude." *Kerr,* 611 A.2d at 556 (quoting *Colson,* 412 A.2d at 1165 n. 10). Using these criteria, we easily conclude that the crimes of which Mr. Johnson stands convicted are crimes of moral turpitude.

■■■ First, we examine the conviction for attempted extortion—i.e., "the obtaining of property of another" "under the color of official right" under 18 U.S.C. § 1951. The essence of this offense is "that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts." *Evans v. United States,* 504 U.S. 255, 268, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992). We can say without hesitation that such conduct involves "baseness, vileness[,] or depravity in the private and social duties which a man owes to his fellow men or to society in general." *Shorter,* 570 A.2d at 765. We elect our public officials and pay them a salary out of the public fisc so that they may serve the public—not so that they may take advantage of their elevated position to serve their own interests and line their own pockets. Moreover, the crime of extortion under color of official right clearly requires "intentional dishonesty for personal gain." [8] Finally, we note that this court has found that the related crime of bribery under the United States Code (which encompasses the acceptance of a bribe [9]) "inherently involves moral turpitude and therefore triggers automatic disbarment." *In re Glover–Tonwe,* 626 A.2d 1387, 1388 (D.C.1993). For our present purpose of determining whether conduct is "contrary to justice, honesty, modesty, or good morals," we see no substantial difference between extorting property under color of official right, 18 U.S.C. § 1951, and the crime of acceptance by a public official of a bribe, 18 U.S.C. § 201(b)(2). Both crimes involve a public official wrongfully using his position in order to receive something of value. Thus, we agree with the Board that Mr. Johnson's conviction for extortion of property under color of official right involves moral turpitude *per se.*

■■■ We also conclude that the crime of witness and evidence tampering under 18 U.S.C. § 1512(b)(2)(B) is a crime of moral turpitude *per se* and provides an independent basis for Mr. Johnson's disbarment. Under 18 U.S.C. § 1512(b)(2)(B) it is a crime for an individual to "knowingly use[ ] intimidation, threaten[ ], or corruptly per-

---

8. It makes no difference that Mr. Johnson pled guilty to attempted rather than completed crimes because the same requisite intent, as well as proof that he undertook a substantial step toward the commission of the crime, was necessary for the conviction. *See Squillacote,* 790 A.2d at 521.

9. 18 U.S.C. § 201(b) makes it a crime for "a public official or person selected to be a public official" to "directly or indirectly, corruptly demand[ ], seek[ ], receive[ ], accept[ ], or agree[ ] to receive or accept anything of value personally or for any other person or entity, in return for:

(A) being influenced in the performance of any official act; or

(B) being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(C) being induced to do or omit to do any act in violation of the official duty of such official or person."

suade[ ] another person, or attempt[ ] to do so, or engage[ ] in misleading conduct toward another person, with intent to … cause or induce any person to … alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding." It goes without saying that purposefully destroying or concealing evidence, or even attempting to do so, is "contrary to justice" and a grave threat to due process of law. "The trappings of law and due process, of which we are rightly so proud—and which are so essential to our true security and our estimate of ourselves as a civilized society—would be substantially undermined by an attitude that viewed such conduct as anything less than deeply immoral." *Shillaire,* 549 A.2d at 345 (discussing threats to a witness). Moreover, like the offense of witness intimidation considered by this court in *In re Luvara,* 942 A.2d 1125 (D.C.2008), witness and evidence tampering "is similar to the offense of obstruction of justice, which we have held to involve moral turpitude in that the offender knowingly or intentionally disregards the system of law and due process that defines our civilized society." 942 A.2d at 1127.

Accordingly, we order that respondent Jack B. Johnson be disbarred from the practice of law in the District of Columbia, effective immediately. For the purposes of reinstatement, the period of disbarment shall not be deemed to commence until Mr. Johnson files an affidavit that conforms to the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*