*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-BG-1968

IN RE MATTHEW KLUGER, RESPONDENT.

A Suspended Member of the Bar of the District of Columbia
Court of Appeals
(Bar Registration No. 981786)

On Report and Recommendation of the Board on
Professional Responsibility
(BDN 12-BD-102)

(Submitted October 2, 2013                    Decided November 21, 2013)

(Amended November 27, 2013)[*]

Before BLACKBURNE-RIGSBY and MCLEESE, *Associate Judges*, and KING, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that we disbar Matthew Kluger because Mr. Kluger's conviction for obstruction of justice is a crime of moral turpitude per se. We agree and accept the Board's recommendation.

---

[*] This opinion is amended to correct the court where Mr. Kluger was convicted.

**I.**

In June 2012, respondent Matthew Kluger was convicted in federal district court in New Jersey of obstruction of justice, in violation of 18 U.S.C. § 1512 (c)(2); conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; securities fraud, in violation of 15 U.S.C. §§ 78j (b) and 78ff (a); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 (h). Bar Counsel filed with this court a certified copy of Mr. Kluger's judgment of convictions, and we suspended Mr. Kluger under District of Columbia Bar Rule XI, § 10 (c).

We then asked the Board to determine whether Mr. Kluger's convictions involved moral turpitude under D.C. Code § 11-2503 (a) (2012 Repl.). In April 2013, the Board concluded that obstruction of justice under § 1512 (c)(2) is a crime of moral turpitude per se and recommended that we disbar Mr. Kluger. Mr. Kluger did not oppose the Board's recommendation.

We review de novo the Board's legal determination that obstruction of justice under § 1512 (c)(2) is a crime of moral turpitude per se. *In re Johnson*, 48 A.3d 170, 172 (D.C. 2012).

**II.**

Under D.C. Code § 11-2503 (a), this court must disbar a bar member who is convicted of a crime of "moral turpitude." *See, e.g.*, *In re Colson*, 412 A.2d 1160, 1164-65 (D.C. 1979) (en banc). A crime involves moral turpitude per se if "every conviction for that particular [crime] must necessarily involve moral turpitude." *In re Squillacote*, 790 A.2d 514, 517 (D.C. 2002).

Although this court has not precisely defined "moral turpitude," *see Johnson*, 48 A.3d at 172, it has said that a crime involves moral turpitude if: (1) "the act denounced by the statute offends the generally accepted moral code of mankind;" (2) the act involves "baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man;" or (3) the act is "contrary to justice, honesty, modesty, or good morals." *In re Colson*, 412 A.2d at 1168 (internal quotation marks omitted). *See also, e.g.*, *In re Rehberger*, 891 A.2d 249, 251-52 (D.C. 2006).

We agree with the Board that obstruction of justice under § 1512 (c)(2) is a crime of moral turpitude per se. First, we have said generally that obstruction of justice constitutes moral turpitude per se, because "the offender knowingly or intentionally disregards the system of law and due process that defines our civilized society." *In re Luvara*, 942 A.2d 1125, 1127 (D.C. 2008). Second, we have previously held that obstruction of justice under various other provisions of the United States Code constitutes moral turpitude per se, and the elements of § 1512 (c)(2) are not materially different from the elements of those provisions. *See, e.g.*, *In re Daum*, 69 A.3d 400, 401 (D.C. 2013) (obstruction of justice under 18 U.S.C. § 1503); *In re Safavian*, 29 A.3d 470, 471 (D.C. 2011) (obstruction of justice under 18 U.S.C. § 1505; "[I]t is well settled that obstruction of justice is inherently a crime of moral turpitude."). We therefore hold that obstruction of justice under § 1512 (c)(2) is a crime of moral turpitude per se.

## III.

Mr. Kluger is disbarred from the practice of law in the District of Columbia. For purposes of reinstatement, the period of Mr. Kluger's disbarment shall run from the date that he files his affidavit in accordance with District of Columbia Bar Rule XI, § 14 (g).

*So ordered.*