*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-BG-1222

IN RE J. MICHAEL FARREN, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 368895)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-210-14)

(Submitted May 27, 2015                    Decided June 25, 2015)

Before THOMPSON and BECKWITH, *Associate Judges*, and BELSON, *Senior Judge*.

PER CURIAM: The District of Columbia Court of Appeals Board on Professional Responsibility recommends that respondent J. Michael Farren be disbarred. We accept the Board's recommendation.

I.

On July 11, 2014, in the Stamford, Connecticut, Superior Court, Mr. Farren was found guilty of attempted murder, in violation of C.G.S. §§ 53a-49 (a)(2), and -54a (a) (2013); assault in the first degree, in violation of C.G.S. § 53a-59 (a)(1) (2013); and risk of injury to a minor, in violation of C.G.S. § 53-21 (a)(1) (2013).

On September 11, 2014, Mr. Farren was sentenced to fifteen years' imprisonment. Bar Counsel filed a certified copy of that criminal judgment with this court and, on November 12, 2014, this court temporarily suspended Mr. Farren pursuant to District of Columbia Bar Rule XI, § 10 (c). The court's order directed the Board to institute formal proceedings to determine whether Mr. Farren's offenses involve moral turpitude—and therefore require disbarment—under D.C. Code § 11-2503 (a) (2012 Repl.). On November 21, 2014, Bar Counsel filed with the Board a statement in support of a finding that Mr. Farren's conviction for attempted murder involves moral turpitude per se. Mr. Farren did not file a response, and also did not file the affidavit required under District of Columbia Bar Rule XI, § 14 (g). In a Report and Recommendation dated December 22, 2014, the Board recommended that this court disbar Mr. Farren for committing a crime of moral turpitude per se under D.C. Code § 11-2503 (a). We accept the Board's recommendation and disbar Mr. Farren.

## II.

D.C. Code § 11-2503 (a) requires the disbarment of a member of the District of Columbia Bar who is convicted of a crime of moral turpitude. A crime is one of moral turpitude when it reflects "baseness, vileness or depravity." *See In re Sims*, 861 A.2d 1, 13 (D.C. 2004) (quoting *In re Tidwell*, 831 A.2d 953, 957 (D.C. 2003)). While some crimes require an examination of "the circumstances of the

transgression in addition to the inherent nature of the crime," this court has found some crimes to involve moral turpitude per se. *See In re Colson*, 412 A.2d 1160, 1165 (D.C. 1979). These crimes require disbarment by their very commission. *See id.* Due to the inchoate nature of attempt, this court has held that an attempt to commit a crime that involves moral turpitude per se is itself a crime of moral turpitude per se. *See In re Johnson*, 48 A.3d 170, 173 (D.C. 2012).

Here, Mr. Farren was convicted of, among other things, attempted murder in violation of C.G.S. §§ 53a-49 (a)(2) and -54a (a), which is a crime that "requires a finding of the specific intent to cause death." *State v. Murray*, 757 A.2d 578, 583 (Conn. 2000). In examining a crime requiring the same intent to kill, this court deemed it to be "self-evident" that murder is a crime of moral turpitude per se for purposes of attorney discipline. *See In re Carpenter*, 891 A.2d 223, 223-24 (D.C. 2006) (concluding that murder for pecuniary gain under C.G.S. § 53a-54 (b) is a crime of moral turpitude per se because it requires proof of the specific intent to cause death and noting that "[f]irst-degree murder . . . offends the generally accepted moral code of mankind" (citation omitted)). We hold that Mr. Farren's crime of attempted murder is also one of moral turpitude per se and, as a result, one that requires disbarment under D.C. Code § 11-2503 (a).

For the reasons set forth above, J. Michael Farren is disbarred from the practice of law in the District of Columbia. For purposes of reinstatement, the

period of disbarment shall run from the date on which Mr. Farren files an affidavit that complies with the requirements of District of Columbia Bar Rule XI, § 14 (g). *See in re Slosberg*, 650 A.2d 1329, 1331 (D.C. 1994).

*So ordered.*