*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 18-BG-1317

IN RE PAUL J. MANAFORT, JR., RESPONDENT.

An Inactive Member of the Bar of the District of Columbia Court of Appeals

(Bar Registration No. 247486)

On Report and Recommendation

Of the Board on Professional Responsibility

(DDN 288-18)

(Decided May 9, 2019)

Before FISHER and GLICKMAN, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: In this case, the Board on Professional Responsibility has recommended that respondent Paul J. Manafort, Jr., be disbarred from the practice of law in the District of Columbia after he pled guilty to conspiracy to obstruct justice

by tampering with witnesses while on pre-trial release[1] and conspiracy against the United States.[2] Neither respondent nor Disciplinary Counsel filed exceptions to the Board's report. In response to this court's January 10, 2019, order imposing an interim suspension, respondent filed his D.C. Bar R. XI, § 14(g) affidavit on February 28, 2019.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Although we have not previously held that a violation of 18 U.S.C. § 1512(b)(1)[3] is a crime of moral turpitude *per se*, we have found that convictions of other subsections of this statute addressing witness and evidence

---

[1] 18 U.S.C. § 371, including conspiracy to violate 18 U.S.C. § 1512(b)(1).

[2] 18 U.S.C. § 371, including conspiracy to violate 18 U.S.C. § 1956 (money laundering); 26 U.S.C. § 7206(1) (tax fraud); 18 U.S.C. § 1001(a) and 22 U.S.C. §§ 612 & 618(a)(2) (lying to the Department of Justice), as well as other offenses.

[3] "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding."

tampering constitute crimes of moral turpitude *per se*. *See, e.g., In re Johnson*, 48 A.3d 170, 173 (D.C. 2012) (18 U.S.C. § 1512(b)(2));[4] *In re Blair*, 40 A.3d 883, 884 (D.C. 2012) (18 U.S.C. § 1512(b)(3)).[5] Each of these subsections prohibits an attempt to obstruct justice by attempting to induce an individual to withhold evidence and we see no reason to treat convictions from the three subsections differently. We have held that a conviction for conspiracy to commit a crime of moral turpitude is a crime of moral turpitude. *See, e.g., In re Lickstein*, 972 A.2d 314, 316 (D.C. 2009). Because respondent has been convicted of a crime of moral turpitude, the mandatory sanction imposed by statute is to disbar him from the practice of law.[6] *See In re Colson*, 412 A.2d 1160, 1165 (D.C. 1979) (en banc).

---

[4] "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to cause or induce any person to withhold testimony, or withhold a record, document, or other object, from an official proceeding; alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or be absent from an official proceeding to which such person has been summoned by legal process."

[5] "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings."

[6] D.C. Code § 11-2503(a) (2012 Repl.).

Accordingly, it is

ORDERED that Paul J. Manafort, Jr. is hereby disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to February 28, 2019.

*So ordered.*