Per Curiam.

It is undisputed that defendant removed from the South Farmingdale branch of the Farmingdale Public Library a magazine because it contained what he regarded to be an obscene passage. Prior to the commission of such act, defendant had informed the senior librarian of his intention and warned that the use of force would be required to prevent him from removing the periodical from the library. After a trial by jury, defendant was convicted of petit larceny.
Defendant’s narrow contention on appeal is that the trial court erred in not permitting him to present evidence in support of his claim of discriminatory enforcement of the law against him. Specifically, defendant sought to introduce evidence that the library had departed from its usual practice regarding overdue books which had not been returned and had singled him out for criminal prosecution.
In our opinion, defendant’s wrongful act cannot be equated with the failure to return a book which had been properly borrowed in the first instance. The procedure customarily employed against delinquent borrowers would be of no relevancy herein. Furthermore, assuming a proper case where there is a genuine issue rediscriminatory criminal prosecution, the proper procedure to follow is to address a preliminary motion to the court, rather than request its submission to a jury. (People v. Utica Daw’s Drug Co., 16 A D 2d 12.)
The cases cited in support of the claim of discriminatory enforcement (Yick Wo v. Hopkins, 118 U. S. 356; Matter of Di Maggio v. Brown, 19 N Y 2d 283; People v. Walker, 14 N Y 2d 901; People v. Utica Daw’s Drug Co., 16 A D 2d 12, supra) are distinguishable on the facts. There was no parallel between the acts of the defendant and those of a book borrower who *835 takes a book out of the library in the regular way and later fails to return it.
A more serious question is inherent in this case and that is the question of whether defendant took the magazine animo furandi, i.e., with the requisite felonious intent. (People ex rel. Perkins v. Moss, 187 N. Y. 410.) See, also, American Jurisprudence (vol. 32, Larceny, § 36) where it is said: “Every taking and carrying away by one person of the personal property of another is not larceny even though it is done without right or claim of right and for the purpose of appropriating the property to the use of the taker. Superadded to the wrongful taking there must be a felonious intent, for without it there would be only a bare trespass which, however aggravated, would not be [a] crime. It is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury.”
On the peculiar facts of this case the question of defendant’s criminal intent was not adequately presented to the jury, i.e., the difference between the mere doing of the act willfully, and the doing of it knowing it to be wrong.
We do not mean to condone defendant’s actions, which were overly officious and ill advised, but what he did was at most a tort, cognizable by the court in a civil action and did not rise to the level of a crime such as larceny, which requires a specific criminal intent.
The judgment of conviction should be unanimously reversed on the law and facts and information dismissed.
Concur — Hogan, P. J., Coyle and Gulotta, JJ.
Judgment reversed, etc.