**In the Matter of Aleksandrs LAURINS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 89–596.**

District of Columbia Court of Appeals.

Submitted June 5, 1990.

Decided July 3, 1990.

Thomas E. Flynn, Bar Counsel, and Ross T. Dicker, Asst. Bar Counsel, were on the brief, for petitioner.

Brian W. Shaughnessy, Washington, D.C., was on the brief, for respondent.

Before STEADMAN and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On August 26, 1987, the United States District Court for the Northern District of California convicted respondent, Aleksandrs V. Laurins, of violating 18 U.S.C. § 1505 (1988) (obstruction of justice of administrative proceedings) and 18 U.S.C. § 401(3) (1988) (contempt of court). This conviction was affirmed on appeal. *See United States v. Laurins*, 857 F.2d 529 (9th Cir.1988). In an order entered on June 8, 1989, we directed respondent to show cause why he should not be suspended from practicing law based on those convictions. He responded by tendering his resignation from the District of Columbia Bar. Rejecting his tender of resignation, *see* D.C. Bar R. II, § 6, we suspended respondent from the practice of law in this jurisdiction. At the same time we directed the Board on Professional Responsibility to determine whether respondent's conviction involves moral turpitude and he should therefore be disbarred pursuant to D.C.Code § 11–2503(a) (1989 Repl.).

Recognizing a close similarity between 18 U.S.C. § 1505 and 18 U.S.C. § 1503 (1982) (obstruction of justice of judicial proceedings), the Board found *In re Colson*, 412 A.2d 1160 (D.C.1979) (en banc), to be conclusive in this case and therefore recommends disbarment pursuant to § 11–2503(a). We approve and adopt the Report and Recommendation of the Board on Professional Responsibility.

Accordingly, we order that respondent's name be, and it hereby is, stricken from the roll of the members of the bar of this court as of August 30, 1989, the date of his suspension from the bar of this court.

*So ordered.*

DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket No. 177–89

In the Matter of: Aleksandrs V. Laurins, Respondent

REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This case is before us on an order of the Court of Appeals to determine whether certain offenses for which Respondent was convicted involve moral turpitude under D.C.Code § 11–2503(a).

On August 26, 1987, Respondent Aleksandrs V. Laurins was convicted of violations of 18 U.S.C. § 1505 (obstruction of justice) and 18 U.S.C. §§ 2 and 401(3) (contempt of court) in *United States v. Laurins*, No. CR–870–170 SAW (N.D.Cal). The conviction was affirmed on appeal (*United States v. Laurins*, 857 F.2d 529 (9th Cir. 1988)), and has become final. In an order entered on June 8, 1989, the Court directed Respondent to show cause why he should not be suspended from practicing law based on those convictions. Laurins responded by tendering his resignation from the D.C. Bar. The Court rejected Respondent's tender of resignation in an order entered on August 30, 1989, and suspended Respondent from the practice of law. The order also referred this matter to the Board to determine the nature of the final discipline to be imposed as a consequence of the criminal convictions, and specifically to determine whether the offenses of which Respondent was convicted involved moral turpitude under D.C.Code § 11–2503(a).

In reviewing criminal convictions in this context, we are instructed by the Court to analyze the elements of the crime to determine whether, under general criteria established in *In re Colson*, 412 A.2d 1160 (D.C. 1979) (*en banc*), it involves moral turpitude. However, when the Court has previously ruled that a particular offense involves moral turpitude, our inquiry is limited to the fact of the conviction and the question of the similarity of the offense before us to that which the Court has pre-

viously passed upon. *Id.* at 1165. If the offenses are identical or sufficiently similar, we can conclude as a matter of law that the one before us involves moral turpitude *per se. Id.*

Such is the case here. Respondent was convicted under 18 U.S.C. § 1505, which provides in relevant part that:

> Whoever, corruptly, or by threats of force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct or impede the due and proper administration of the law [in a proceeding before any department or agency of the United States] ...
>
> Shall be fined not more than $5,000, or imprisoned not more than five years, or both.

While we are not aware that this particular statute has been before the Court of Appeals for a determination of its status under D.C.Code § 11–2503(a), a related statute—18 U.S.C. § 1503, dealing with obstruction of justice in a judicial proceeding—has been held by the Court to involve moral turpitude *per se.* See *In re Colson,* 412 A.2d 1160 (D.C.1979) (*en banc*). Section 1503 differs from Section 1505 only in the context (judicial instead of administrative proceedings) in which it operates. It provides that:

> Whoever corruptly, or by threats of force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede [persons participating in a judicial proceeding] ... or corruptly or by threats of force, or by any threatening letter or communication, influences, obstructs or impedes, or endeavors to influence, obstruct or impede,

the due administration of justice [shall be subject to criminal penalty].

The Court of Appeals in *Colson* had "no difficulty in concluding that the obstruction of justice offense set forth in 18 U.S.C. § 1503 is inherently an offense involving moral turpitude." 412 A.2d at 1165. In view of the close similarity of Section 1503 to Section 1505, the holding in *Colson* is conclusive of the issue before us.[1] Thus, we recommend that the Court find that Respondent's conviction under 18 U.S.C. § 1505 involves moral turpitude, and that he be disbarred under D.C.Code § 11–2503(a).[2]

<div align="right">

Board on Professional Responsibility

By: /s/ Barry E. Cohen
BARRY E. COHEN

</div>

December 15, 1989

All members of the Board concur in this Report except Mr. Fox, who did not participate.

</div>

---

1. In *In Re Evans,* Bar Docket 180–88 (pending before the Court as No. M–81–81), we reached a similar conclusion as to a conviction under 18 U.S.C. § 1510, involving obstruction of a criminal investigation.

   The Ninth Circuit in its decision affirming Respondent's conviction, also found Sections 1503 and 1505 to have similar elements. *United States v. Laurins,* 857 F.2d 529, 536–37 (9th Cir.1988).

2. Respondent was also convicted under 18 U.S.C. § 401, for criminal contempt of court

arising from "disobedience or resistance to its lawful writ, process, order, rule, decree or command." We are aware of no "moral turpitude" decisions under 18 U.S.C. § 401 and its status thereunder was not briefed by any party. Under these circumstances and in view of the position of this case by virtue of the 18 U.S.C. § 1505 conviction, we do not reach the issue of whether a violation of 18 U.S.C. § 401 constitutes moral turpitude.