**In the Matter of Jack B. SOLERWITZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 90–995.

District of Columbia Court of Appeals.

Submitted Jan. 29, 1992.

Decided Jan. 31, 1992.

Michael S. Frisch, Asst. Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, Washington, D.C., at the time the brief was filed, was on the brief, for the Office of Bar Counsel.

Jack B. Solerwitz, pro se.

Before FERREN, STEADMAN and KING, Associate Judges.

PER CURIAM:

By two indictments in Nassau County, New York, respondent was charged with various crimes. On April 2, 1990, respondent entered guilty pleas to two counts of Grand Larceny in the Second Degree in violation of New York Penal Law § 155.40. Upon consideration of a certified copy of the judgment from the County Court of Nassau County, this court suspended respondent from the practice of law in the District of Columbia on August 16, 1990 pursuant to D.C. Bar Rule XI, § 10(c) (1989).

By the same order, we directed the Board on Professional Responsibility to institute a formal proceeding to determine the nature of the final discipline to be imposed; we requested the Board specifically to review the elements of the crime for which respondent was sentenced to determine whether or not the crime involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (1989).

The Board on Professional Responsibility has concluded that grand larceny as defined by the State of New York[1] is a crime involving moral turpitude *per se,* requiring disbarment under *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc) (once court

1. Respondent entered a guilty plea to two counts of grand larceny in the second degree, in violation of New York Penal Law § 155.40 (1991), which provides in relevant part: "A person is guilty of grand larceny in the second degree when he [or she] steals property and when: 1. The value of the property exceeds fifty thousand dollars...." The State of New York defines larceny as follows: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself [or herself] or a third person, he [or she] wrongfully takes, obtains, or withholds such property from an owner thereof." N.Y.Penal Law § 155.05(1) (1991). Felonious intent is an element of the offense. *See People v. Gorton,* 60 Misc.2d 833, 304 N.Y.S.2d 69 (1969) (removing magazine from library because it contained what defendant regarded as obscene passage lacked felonious intent necessary to establish larceny).

determines that respondent's crime involves moral turpitude, disbarment pursuant to D.C.Code § 11–2503(a) must follow). *See In re Boyd,* 593 A.2d 183 (D.C.1991) (attorney convicted in New York of grand larceny disbarred pursuant to § 11–2503(a)). Bar Counsel has indicated agreement with the Board's recommendation, and respondent has filed no objection.

We agree with the Board on Professional Responsibility that disbarment is required by the statute and by *Colson.* Accordingly, respondent is hereby disbarred from the practice of law in the District of Columbia effective thirty days from the date of this Order.

*So ordered.*