**In the Matter of Ronald D. SCHWARTZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 91–SP–1169.**

District of Columbia Court of Appeals.

Submitted Dec. 11, 1992.
Decided Jan. 12, 1993.

Wallace E. Shipp, Jr., Acting Bar Counsel and H. Clay Smith, III, Asst. Bar Counsel, were on the brief, for petitioner.

Before ROGERS, Chief Judge, and FERREN and KING, Associate Judges.

PER CURIAM:

This matter is before the court on the recommendation of the Board on Professional Responsibility to disbar respondent pursuant to D.C.Code § 11–2503(a) (1989 Repl.). The recommendation arises from respondent's conviction of two counts of false claims, 18 U.S.C. § 1001 (1988), one count of obstruction of justice, 18 U.S.C. § 1505 (1988), and two counts of forgery and uttering, D.C.Code §§ 22–3841, –3842(c). By order dated October 15, 1991, the court suspended respondent from the practice of law in the District of Columbia, and directed the Board on Professional Responsibility to review the elements of his crimes to determine whether they involved moral turpitude within the meaning of D.C.Code § 11–2503(a). Bar Counsel has filed a brief with this court, although respondent has not.

▬ The Board found that two of the crimes of which respondent has been convicted are crimes of moral turpitude in the District of Columbia. Obstruction of justice is a crime involving moral turpitude *per se. In re Laurins,* 576 A.2d 1351, 1352 (D.C.1990). This is also true of forgery and uttering. *In re Bond,* 519 A.2d 165, 166 (D.C.1986) ("A crime in which an intent to defraud is an essential element is a crime involving moral turpitude *per se.*"); *In re Willcher,* 447 A.2d 1198, 1200 (D.C. 1982) (moral turpitude "connotes a fraudulent or dishonest intent") (citations omitted). Conviction of any crime of moral turpitude requires respondent's disbarment under D.C.Code § 11–2503(a). *In re Bond, supra,* 519 A.2d at 166 n. 2. We approve and adopt the report and recommendation of the Board on Professional Responsibility.

Accordingly, it is ORDERED that respondent is disbarred from the practice of

law in the District of Columbia, pursuant to D.C.Code § 11–2503(a).