**In re Peter SLUYS, Respondent.**

**No. 91–SP–1165.**

District of Columbia Court of Appeals.

Submitted Sept. 24, 1993.

Decided Nov. 1, 1993.

Wallace E. Shipp, Jr., Acting Bar Counsel at the time the brief was filed, and Michael S. Frisch, Asst. Bar Counsel, for the Office of Bar Counsel.

Peter Sluys, pro se.

Before STEADMAN and SCHWELB, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Respondent, Peter Sluys, has been a member of the District of Columbia Bar since 1985. On July 30, 1991, he was convicted of three counts of grand larceny in the third degree, one count of forgery in the second degree, and one count of criminal possession of a forged instrument in the third degree, all in violation of the laws of the State of New York. A judge of the Rockland County Court sentenced respondent to concurrent terms of probation of five years on each count.

■ On October 15, 1991, this court, having received a certified copy of the conviction of respondent of the above crimes, entered an order suspending respondent from the practice of law and directing the Board on Professional Responsibility to review the elements of the crimes of which respondent was convicted in order to determine whether they involved moral turpitude within the meaning

---

of D.C.Code § 11–2503(a). Although respondent was invited to file a brief with the Board, he did not do so. Bar Counsel filed a brief arguing that two of the crimes of which respondent was convicted, forgery and grand larceny, involved moral turpitude *per se.*

The Board filed a Report and Recommendation with this court on February 17, 1993. In it the Board states its conclusion that forgery and grand larceny in the third degree involve moral turpitude *per se.* The Board's report is attached to this opinion and included by reference.

Respondent wrote to the executive attorney for the Board an undated letter received on March 10, 1993, in which he consented to his "disbarment forthwith." He did not, however, file an affidavit pursuant to Rule XI, § 12 of the rules of this court which is the formal way of consenting to a disbarment.

 Having considered the entire record herein, we order respondent's disbarment, effective as of the date of this opinion and order, for the reasons and on the grounds set forth in the report of the Board on Professional Responsibility. We call respondent's attention to the provisions of D.C. Bar Rule XI, §§ 14(f) and 16(c).[1]

*It is so ordered.*

## ATTACHMENT

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:

PETER SLUYS,

Respondent.

DCCA No. 91–1165

Bar Docket No. 366–91

*Report and Recommendation of the Board on Professional Responsibility*

On July 30, 1991, Respondent was convicted of three counts of Grand Larceny in the

third degree, one count of Forgery in the second degree, and one count of Criminal Possession of a Forged Instrument in the third degree in violation of the laws of the State of New York. Respondent was sentenced by the Rockland County Court to concurrent terms of five years probation on each count.

By Order dated October 15, 1991, the District of Columbia Court of Appeals suspended Respondent from the practice of law based on his criminal conviction and directed the Board to review the elements of the crimes for which Respondent was sentenced for the purpose of determining whether or not the crimes involve moral turpitude within the meaning of D.C.Code Section 11–2503(a).

Bar Counsel filed a brief with the Board arguing that two of the crimes for which Respondent was convicted, forgery and grand larceny, involve moral turpitude *per se.*

Although invited to file a brief, Respondent has not filed a brief with the Board.

For reasons set forth below, the Board believes that Respondent was convicted of crimes involving moral turpitude *per se.*

*In re Colson,* 412 A.2d 1160 (D.C.1979) (*en banc*) teaches us that once the Court determines that a particular crime involves moral turpitude *per se,* the respondent must be disbarred. If the Court has not determined that a particular crime involves moral turpitude, the Board must review the elements of the crime to determine whether the crime involves moral turpitude *per se.* Where the Board determines that the crime involves moral turpitude *per se,* the Board must recommend that the Court disbar the respondent under D.C.Code Section 11–2503(a).

Recently, in *In re Schwartz,* 619 A.2d 39 (D.C. Jan. 12, 1993), the Court held that the crimes of forgery and uttering in violation of D.C.Code Section 22–3841 and 3842(c) involved moral turpitude *per se.* The Court stated that forgery involved moral turpitude *per se* because one of its elements is the intent to defraud. Similarly, a necessary

---

1. Respondent's failure to comply previously with the provisions of § 14(f) precludes the imposition

of disbarment retroactively.

element of Respondent's forgery conviction under New York law, New York Penal Law Section 170.10, is the intent to defraud. Thus, this offense involves moral turpitude *per se.*

In *In re Boyd,* 593 A.2d 183 (D.C.1991), and *Matter of Solerwitz,* 601 A.2d 1083 (D.C. 1992), the Court found that grand larceny in the second degree under New York law is a crime that involves moral turpitude *per se.* The offense requires proof of felonious intent. A person steals property and commits larceny under Section 155.05.1 of the New York Penal Code when, "with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains, or withholds such property from the owner thereof." Sections 155.40 and 155.30 simply define the value or the kind of property that constitute grand larceny of the second and third degrees, respectfully. Thus, the necessary element, felonious intent, is required whether the crime was grand larceny of the second or the third degree. Therefore, *Boyd* and *Solerwitz* apply here.

The Board concludes that two of the crimes for which Respondent was convicted involve moral turpitude *per se:* forgery and grand larceny of the third degree. There is no need to decide whether the third crime, the criminal possession of a forged instrument, involves moral turpitude *per se.* See *Matter of McGough,* 605 A.2d 605 (D.C.1992). The Board, therefore, recommends that the Court enter an order disbarring Respondent from the practice of law pursuant to D.C.Code Section 11–2503(a).

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ John M. Howard
 Johnny M. Howard

Dated: February 17, 1993

All members of the Board concur in this Report and Recommendation except Mr. Fox, who did not participate.