**In the Matter of John W. MILTON, Respondent.**

**No. 91–BG–1519.**

District of Columbia Court of Appeals.

Submitted May 11, 1994.

Decided June 2, 1994.

Before FERREN, Acting Chief Judge, and SCHWELB and WAGNER, Associate Judges.

PER CURIAM:

In its Report and Recommendation, which is attached hereto and made a part hereof, the Board on Professional Responsibility has recommended that respondent John W. Milton, who has been convicted of crimes of moral turpitude, be disbarred. Respondent has filed no exceptions to the Board's Report. *See* D.C.Bar R. XI, § 9(d). For the reasons stated by the Board, respondent John W. Milton is hereby disbarred from the practice of law in the District of Columbia, effective immediately. *See* D.C.Bar R. XI, § 14(e).

*So ordered.*[1]

ATTACHMENT

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent, a member of the Bar of the District of Columbia Court of Appeals, was convicted after a jury trial in the United States District Court for the District of Columbia for violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 641, 642 (theft of government property), and 18 U.S.C. §§ 1001, 1002 (false statements).

This matter is before the Board on Professional Responsibility for a determination of

---

1. Respondent's attention is directed to the requirements of D.C.Bar R. XI, § 14(f) (notice to clients and adverse parties).

whether or not any of such crimes involves moral turpitude within the meaning of D.C.Code § 11–2503(a), and for a determination of the nature of the final discipline to be imposed on Respondent.

The Office of Bar Counsel has filed a brief urging the Board to find that two of the crimes involve moral turpitude *per se,* and that the Board recommend to the D.C. Court of Appeals that Respondent be disbarred pursuant to D.C.Code 11–2503(a). Respondent has neither filed a brief nor appeared in these proceedings.

### Proceedings in the District Court

Respondent was employed as an attorney by the Equal Employment Opportunity Commission. During the course of his employment, Respondent was assigned the responsibility of identifying victims of the discriminatory hiring practices of a private trucking company, and of administering the distribution of the funds to any such persons who could be identified.

Respondent and his brother engaged in a scheme and conspiracy whereby they elicited false statements from other individuals who falsely claimed to be the victims of the trucking company's discriminatory practices. On the basis of such false statements, funds were paid to the alleged victims, a portion of which was received by Respondent.

As indicated above, the indictment returned by the grand jury charged Respondent with several offenses, including two counts of theft in excess of $100.00 in violation of Title 18 U.S.C. §§ 601. After being convicted on all counts, Respondent was sentenced to imprisonment for a period of 37 months on each count, the sentences to run concurrently with each other. He also was ordered, following completion of his sentence, to make restitution to the EEOC in the amount of $72,063.38. Respondent's convictions have been appealed to the United States Court of Appeals for the District of Columbia Circuit.

### Discussion

Section 11–2503(a) of the D.C.Code provides that a member of the Bar convicted of a crime involving moral turpitude shall be disbarred:

"When a member of the Bar of the District of Columbia Court of Appeals is convicted of an offense involving moral turpitude ... the court shall suspend the member of the bar from practice.... If a final judgment of conviction is certified to the court, the name of the member of the bar so convicted shall be struck from the roll and he shall thereafter cease to be a member."

The term "moral turpitude" was defined by the D.C. Court of Appeals in In re *Colson,* 412 A.2d 1160 (1979) (*en banc*) as follows:

"(1) The act denounced by the statute offends the generally accepted moral code of mankind;

(2) The act is one of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man; or

(3) conduct contrary to justice, honesty, modesty, or good morals."

*Id.* at 1168.

Under the Court's ruling in *Colson,* once the Board has determined that a crime of which a respondent has been convicted inherently involves moral turpitude, the "only proper recommendation for the Board to make under the circumstances [is] that respondent be disbarred." (*Id.* at 1165) In other words, D.C.Code § 11–2503(a) "requires disbarment of any attorney convicted of a crime involving moral turpitude." *In re McBride,* 602 A.2d 626 (D.C.1992). Here, as noted, Respondent's convictions included theft from the United States in excess of $100. Title 18 U.S.C. § 641 provides in part that whoever steals money or anything of value in excess of $100.00 of the United States or any agency thereof shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

In two recent *per curiam* decisions, the D.C. Court of Appeals ruled that the respondents, who had been convicted of grand lar-

ceny, were required to be disbarred by D.C.Code § 11–2503(a) and by the Court's ruling in *Colson.* *In the Matter of Solerwitz,* 601 A.2d 1083 (D.C.1992); and *In the Matter of Boyd,* 593 A.2d 183 (D.C.1991). *See* also *In the Matter of Bond,* 519 A.2d 165 (1986), in which the respondent was convicted of at least two offenses (mail fraud and wire fraud) involving moral turpitude. There the court ruled that the respondent's disbarment was "mandated by the statute." (*Id.* at 166).

Respondent's prosecution was based upon theft of funds having a value of in excess of $72,000. The theft section of the U.S.Code under which Respondent was convicted clearly prohibits a crime involving moral turpitude *per se.* Accordingly, the Board, under the Court's ruling in *Colson,* recommends that Respondent be disbarred.

BOARD ON PROFESSIONAL RESPONSIBILITY

by/s/James C. McKay

March 13, 1992

All members of the Board concur in this Report.