**In re Walter H. CAPLAN, Respondent.**

**No. 96–BG–541.**

District of Columbia Court of Appeals.

Submitted March 6, 1997.

Decided March 27, 1997.

Before FERREN, FARRELL, and RUIZ, Associate Judges.

PER CURIAM:

 Following his conviction and sentence in the Superior Court of the State of California, County of San Francisco, for grand theft (§ 487 of the California Penal Code) and practice of law without a license (§ 6126(b) of the California Business and Professions Code), respondent was disbarred from the practice of law by the Supreme Court of the State of California. The Board on Professional Responsibility likewise recommends disbarment, *see* D.C.Code § 11–2503(a) (1995), on the ground that the theft statute under which respondent was convicted involves moral turpitude *per se. See In re Colson,* 412 A.2d 1160, 1168 (D.C.1979) (en banc). We agree with that conclusion and accept the Board's recommendation.* Criminal offenses involving theft and fraud inherently involve moral turpitude. *In re Sluys,* 632 A.2d 734 (D.C.1993); *In re Slater,* 627

---

* We dismiss the concurrent reciprocal discipline matter.

A.2d 508 (D.C.1993); *In re Schwartz,* 619 A.2d 39 (D.C.1993); *In re Boyd,* 593 A.2d 183 (D.C.1991). The crime of grand theft under California law, requiring as it does a felonious intent to steal or take property in addition to the actual stealing or taking, *e.g., People v. Arriola,* 330 P.2d 683, 164 Cal. App.2d 430 (1958), inherently involves moral turpitude.

Bar Counsel informs us, without dispute, that respondent has not filed the affidavit required by D.C. Bar R. XI § 14(g) (1996). *See Slater,* 627 A.2d at 509. Accordingly, we order that respondent Walter H. Caplan be disbarred from the practice of law in the District of Columbia, effective immediately.

*So ordered.*