# In re Robert Brown PATTERSON, Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

## Nos. 02–BG–498, 02–BG–1130.

District of Columbia Court of Appeals.

Submitted Sept. 11, 2003.
Decided Oct. 9, 2003.

Before FARRELL and WASHINGTON, Associate Judges, and KING, Senior Judge.

PER CURIAM:

On May 9, 2002, respondent pleaded guilty to the felony of stealing property in excess of $1,000 belonging to the United States Government, in violation of 18 U.S.C. § 641. The matter is before this court on the recommendation of the Board on Professional Responsibility that respondent be disbarred pursuant to D.C.Code § 11–2503(a) (2001) (disbarment upon conviction of crime involving moral turpitude).

Disbarment for conviction of an offense reached by § 11–2503(a)—*i.e.,* involving moral turpitude—is mandatory. *See In re Spiridon,* 755 A.2d 463, 466 (D.C.2000). Respondent's executed plea agreement is proof of his criminal conviction. D.C. Bar R. XI, § 10(f). "[A] valid guilty plea acts as a conviction of the crime charged, as well as an admission of all the material facts alleged by the government." *In re Untalan,* 619 A.2d 978, 981 (D.C.1993); *see*

*also In re Shillaire,* 549 A.2d 336, 343 (D.C.1988). Having stolen property from the United States worth more than $1,000, appellant was convicted of felony theft, a crime this court has previously determined to involve moral turpitude *per se. See In re Caplan,* 691 A.2d 1152 (D.C.1997) (grand theft; California statute); *In re Sluys,* 632 A.2d 734 (D.C.1993) (grand larceny; New York statute); *In re Slater,* 627 A.2d 508 (D.C.1993) (grand larceny; Virginia statute); *In re Hopmayer,* 602 A.2d 655 (D.C.1992) (theft; New Jersey statute); *In re Solerwitz,* 601 A.2d 1083 (D.C.1992) (grand larceny; New York statute).

Accordingly, respondent is hereby disbarred pursuant to § 11–2503(a).\* For purposes of reinstatement, the period of disbarment shall not be deemed to commence until respondent files the affidavit required by D.C. Bar R. XI, § 14(g).

*So ordered.*

---

\* We dismiss as moot the pending reciprocal matter based on a public reprimand respondent received in Virginia for misconduct in practicing law after his license was suspended and dishonestly advising a judge that he was unaware of the suspension. *See In re Dechowitz,* 741 A.2d 1061 (D.C.1999).