### In re Landon G. DOWDEY, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals Bar Registration No. 89003.**

#### No. 03–BG–413.

District of Columbia Court of Appeals.

Submitted Nov. 4, 2004.
Decided Nov. 18, 2004.

Before TERRY, Associate Judge, and FERREN and NEBEKER, Senior Judges.

PER CURIAM:

On March 4, 2003, respondent Landon G. Dowdey entered a guilty plea in the United States District Court for the District of Columbia to two counts of concealment of a material fact, 18 U.S.C. § 1001 (1996), and two counts of theft of government property, 18 U.S.C. § 641 (1996), and was sentenced on June 26, 2003 to home confinement and probation with conditions. *United States v. Dowdey,* Case No. CR00–360 (PLF). After Bar Counsel reported respondent's convictions to this court, we temporarily suspended him from the practice of law pursuant to D.C. Bar R. XI, § 10(c). We directed the Board on Professional Responsibility to institute a formal proceeding to determine the nature of the final discipline to be imposed and, specifically, to decide whether respondent's crimes involved moral turpitude. On December 8, 2003, this court received notice that respondent had been disbarred from the United States District Court for the District of Columbia. We directed Bar Counsel to inform this court of her position on reciprocal discipline. In the meantime, the Board concluded that respondent's convictions involve moral turpitude and recommended disbarment pursuant to D.C.Code § 11–2503(a) (2001).

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation on the original action and recommends that the reciprocal action be dismissed as moot. Respondent has not filed any exception to the Board's report and recommendation.[1] We therefore accept the Board's findings and adopt its recommendation. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). It is well settled that theft of government property, 18 U.S.C. § 641, is a crime of moral turpitude *per se. See, e.g., In re Patterson,* 833 A.2d 493 (D.C.2003); *In re Milton,* 642 A.2d 839 (D.C.1994). D.C.Code § 11–2503(a) (2001) mandates disbarment when a bar member is convicted of an offense involving moral turpitude even if another offense, such as respondent's violation of 18 U.S.C. § 1001,[2] is not a crime of moral turpitude. *See In re Milton, supra,* 642 A.2d at 840; *In re McGough,* 605 A.2d 605 (D.C.1992). Accordingly, it is

ORDERED that Landon G. Dowdey is disbarred from the practice of law in the District of Columbia. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. It is

FURTHER ORDERED that the reciprocal action is dismissed as moot.

*So ordered.*

---

1. In a May 22, 2003 letter to the clerk of this court, respondent resigned from the District of Columbia Bar. However, because the correspondence did not comply with the requirements of D.C. Bar R. XI, § 12, the notice did not effect a resignation.

2. *See In re Sweeney,* 725 A.2d 1013 (D.C. 1999).