### In Re George G. YOUNG, III, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 422387).**

**No. 03–BG–1342.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 2004.
Decided Dec. 16, 2004.

---

**812**

Before FARRELL and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On November 6, 2003, the respondent, George G. Young, III, pled guilty to twenty-one felony counts of mail fraud, false statements, and theft of government funds in violation of 18 U.S.C. §§ 1341, 1001, and 641, in the United States District Court for the Eastern District of Pennsylvania.[1] Respondent and Bar Counsel reported his guilty plea to this court, and on December 19, 2003, we temporarily suspended him from the practice of law in this jurisdiction pursuant to D.C. Bar R. XI, § 10(c). We directed the Board on Professional Responsibility to institute a formal proceeding to determine whether respondent's crime involved "moral turpitude" within the meaning of D.C.Code § 11–2503(a) (2001). The Board recommends that respondent be disbarred pursuant to D.C.Code § 11–2503(a), because his convictions for mail fraud and theft of government property involve moral turpitude *per*

1. Respondent was sentenced on February 12, 2004.

2. *See, e.g., In re Firestone,* 824 A.2d 47 (D.C. 2003) (mail fraud is an offense involving mor-

*se.* Neither Bar Counsel nor respondent has opposed the Board's recommendation.

Mail fraud and theft of government property are indeed both crimes of moral turpitude *per se.*[2] Therefore, D.C.Code § 11–2503(a) mandates respondent's disbarment. We need not address whether the conduct underlying respondent's remaining convictions involved moral turpitude, because when an attorney is convicted of multiple offenses, disbarment is imposed if any one of them involves moral turpitude *per se.* Accordingly, it is

ORDERED that George G. Young, III, is disbarred pursuant to D.C.Code § 11–2503(a), from the practice of law in the District of Columbia. Respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g); we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

al turpitude); *In re Patterson,* 833 A.2d 493 (D.C.2003) (theft of government property in violation of 18 U.S.C. § 641, involves moral turpitude *per se*).