## In re George E. TILLERSON, III.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 446661).

### No. 96–BG–271.

District of Columbia Court of Appeals.

Submitted June 7, 2005.
Decided June 16, 2005.

Before SCHWELB, FARRELL, and REID, Associate Judges.

PER CURIAM.

The Board on Professional Responsibility has recommended that George E. Tillerson, III, a member of our Bar, be disbarred. The recommendation is based on Tillerson's 2002 conviction in the Superior Court, following a jury trial, of first-degree theft. In its Report and Recommendation, issued on April 21, 2004, the Board concluded that the offense of first-degree theft constituted moral turpitude per se and that disbarment is therefore the appropriate sanction. *See* D.C.Code § 11–2503(a) (2001); *In re Colson*, 412 A.2d 1160, 1164 (D.C.1979).

Tillerson appealed from his conviction, and on June 24, 2004, on Tillerson's motion, this court held the disciplinary proceeding in abeyance pending the outcome of his appeal.[1] On February 23, 2005, this court affirmed Tillerson's conviction. *Till-*

---

1. Tillerson has been suspended from practice since November 4, 1996, in conformity with D.C. Bar R. XI, § 10(c).

2. For purposes of reinstatement, Tillerson's disbarment shall run from the date that he

*erson v. United States*, Nos. 02–CF–1438 & 03–CO–827, 869 A.2d 368 (D.C.2005) (Memorandum Opinion and Judgment). On March 2, 2005, the court vacated its prior stay.

Neither Bar Counsel nor Tillerson has excepted to the Board's recommendation, and under these circumstances our deference to that recommendation is heightened. *See In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995). We have previously held that felony theft is a crime that involves moral turpitude per se. *In re Patterson*, 833 A.2d 493 (D.C.2003) (per curiam). Accordingly, we adopt the recommendation of the Board, and George E. Tillerson, III, is hereby disbarred.

*So ordered.*[2]

---

files a satisfactory affidavit pursuant to D.C. Bar R. XI, § 14(g). We direct Tillerson's attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).