**In re David H. SAFAVIAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 448540).**

**No. 06–BG–781.**

District of Columbia Court of Appeals.

Submitted June 16, 2011.

Decided Oct. 13, 2011.

Before WASHINGTON, Chief Judge, and FERREN and STEADMAN, Senior Judges.

PER CURIAM:

On June 20, 2006, respondent David H. Safavian was convicted in the United States District Court for the District of Columbia of obstruction of justice in violation of 18 U.S.C. § 1505 and of making false statements in violation of 18 U.S.C. § 1001. Upon notification by Bar Counsel, this court suspended respondent and referred the matter to the Board on Professional Responsibility ("the Board") to determine whether the offenses involved crimes of moral turpitude under D.C.Code § 11–2503(a) (2001). On November 13, 2006, respondent filed his D.C. Bar R. XI, § 14(g) affidavit.

The Board concluded that respondent's convictions involve moral turpitude *per se* and recommended disbarment pursuant to D.C.Code § 11–2503(a); however, respondent appealed his conviction and the case was stayed. On June 17, 2008, respondent's convictions were reversed and a new trial was ordered. Because his convictions were reversed, this court granted respondent's motion to vacate his interim suspension on August 12, 2008. On December 19, 2008, respondent was again convicted of obstructing an agency investigation in violation of 18 U.S.C. § 1505 and of making false statements in violation of 18 U.S.C.

§ 1001. This court suspended respondent on February 18, 2009, and again directed the matter to the Board to determine whether respondent's convictions involved moral turpitude under D.C.Code § 11–2503(a). Respondent filed his D.C. Bar R. XI, § 14(g) affidavit on March 23, 2009. The Board again concluded that the convictions involved moral turpitude and disbarment was required and, for purposes of reinstatement, the disbarment should be calculated from March 23, 2009, the date respondent filed his second D.C. Bar R. XI, § 14(g) affidavit. Before this court could resolve this matter, the case was again stayed pending respondent's appeal of his conviction. Respondent's appeal of his criminal conviction was affirmed on May 13, 2011, and this matter is now ripe for resolution.

Bar Counsel takes no exception to the Board's report and recommendation. Respondent filed a notice of acceptance of disbarment and motion regarding calculation of the date of eligibility to file a reinstatement petition. Respondent requested that he be given additional credit for the twenty-one months of his initial interim suspension; specifically, respondent requests credit from November 13, 2006 until August 12, 2008, the period of time during which he was initially suspended from practicing law in the District of Columbia while his criminal case was pending. Bar Counsel does not oppose the credit of twenty-one months but asks that for purposes of reinstatement the effective date be June 10, 2007, a date derived by subtracting twenty-one months from the date respondent filed his second affidavit.

 We accept the Board's findings and adopt its recommendation of disbarment. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C. 1997). When an attorney is convicted of multiple offenses, disbarment is imposed if any one of them involves moral turpitude *per se.* *In re Schwartz,* 619 A.2d 39 (D.C. 1993). And, it is well settled that obstruction of justice is inherently a crime of moral turpitude. *Id.* Thus, D.C.Code § 11–2503(a) mandates respondent's disbarment. For the purposes of reinstatement, we agree that respondent should be afforded credit for the time he was suspended pursuant to the initial interim suspension. However, we reject Bar Counsel's suggestion for implementing the twenty-one month credit, which would encompass within the disbarment period the period in which respondent's initial suspension had been lifted and he was authorized to practice law. Instead, consistent with our usual practice in imposing *nunc pro tunc* discipline, respondent's disbarment in this case will be deemed to have commenced on November 13, 2006, the date on which he filed his initial D.C. Bar R. XI, § 14(g) affidavit at the time of the initial suspension. However, for computation purposes in determining when respondent may be eligible to apply for reinstatement, the period of time during which respondent's initial suspension was lifted, August 11, 2008 to February 18, 2009, will be excluded. Accordingly, it is

ORDERED that David H. Safavian is disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement, respondent's disbarment shall commence November 13, 2006, excluding August 13, 2008 to February 18, 2009, representing the period of time when the interim suspension was lifted.

*So ordered.*