**In re Angel SAAD, Respondent.**

**A Suspended Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 474538).**

**No. 11–BG–539.**

District of Columbia Court of Appeals.

Submitted Feb. 28, 2012.

Decided April 19, 2012.

Before WASHINGTON, Chief Judge, FISHER, Associate Judge, and KING, Senior Judge.

PER CURIAM:

On January 5, 2011, in the Supreme Court of the State of New York for New York County, respondent, Angel Saad, pleaded guilty to the felony of grand larceny in the third degree in violation of N.Y. PENAL LAW § 155.35 (McKinney 2009). After being notified of respondent's conviction, we suspended respondent pursuant to D.C. Bar R. XI, § 10(c), and directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the nature of the offense and whether it involves moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001). The Board has filed a report that recommends respondent be disbarred pursuant to D.C.Code § 11–2503(a) (disbarment upon conviction of crime involving moral turpitude).

"Disbarment for conviction of an offense reached by § 11–2503(a)—*e.,* involving moral turpitude—is mandatory." *In re Patterson,* 833 A.2d 493 (D.C.2003) (citing *In re Spiridon,* 755 A.2d 463, 466 (D.C. 2000)). "[A] valid guilty plea acts as a conviction of the crime charged, as well as an admission of all the material facts alleged by the government." *In re Untalan,* 619 A.2d 978, 981 (D.C.1993); *see* D.C. Bar R. XI, § 10(f). Having stolen property, the value of which exceeded three thousand dollars, respondent was convicted of grand larceny in the third degree, a crime that this court has previously determined to involve moral turpitude *per se.* *See In re Sluys,* 632 A.2d 734 (D.C.1993) (per curiam). Respondent's disbarment is, therefore, mandatory under D.C.Code § 11–2503(a).

Accordingly, we order that respondent Angel Saad be disbarred from the practice of law in the District of Columbia, effective immediately, and his name be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, the period of disbarment shall not be deemed to commence until respondent files an affidavit that conforms to the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*