**In re John J. ZODROW, Respondent.**

**A Suspended Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 444703).**

**No. 11–BG–1449.**

District of Columbia Court of Appeals.

Submitted May 17, 2012.

Decided May 17, 2012.

---

Before FISHER and EASTERLY, Associate Judges, and SCHWELB, Senior Judge.

PER CURIAM:

In 2010, in the United States District Court for the District of Colorado, respondent pleaded guilty to the felony offense of knowingly and fraudulently making a false oath and account in relation to a bankruptcy petition, in violation of 18 U.S.C. § 152(2). He was sentenced on December 20, 2010. "[A] valid guilty plea acts as a conviction of the crime charged, as well as an admission of all the material facts alleged by the government." *In re Untalan,* 619 A.2d 978, 981 (D.C.1993); *see* D.C. Bar R. XI, § 10(f).

After being notified of respondent's conviction, we suspended respondent pursuant to D.C. Bar R. XI, § 10(c), and directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the nature of the offense and whether it involves moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001). The Board has filed a report that recommends respondent be disbarred pursuant to D.C.Code § 11–2503(a) (disbarment upon conviction of crime involving moral turpitude).

"Disbarment for conviction of an offense reached by § 11–2503(a)—*i.e.,* involving moral turpitude—is mandatory." *In re Patterson,* 833 A.2d 493, 493 (D.C. 2003) (citing *In re Spiridon,* 755 A.2d 463, 466 (D.C.2000)). Moreover, if an offense "manifestly involve[s] moral turpitude by virtue of [its] underlying elements," disbarment is mandatory without inquiry into the specific conduct that led to the conviction. *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc). This court has held that the crime of bankruptcy fraud, in violation of 18 U.S.C. § 152(1) and (2), inherently involves moral turpitude. *See In re Shmuckler,* 978 A.2d 182 (D.C.2009). Respondent's disbarment is, therefore, mandatory under D.C.Code § 11–2503(a).

Accordingly, we order that respondent John J. Zodrow be disbarred from the practice of law in the District of Columbia, effective immediately, and his name be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, the period of disbarment shall not be deemed to commence until respondent files an affidavit that conforms to the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*