**In re Charles F. DAUM, Respondent.**

**A Suspended Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 952481).**

**No. 12–BG–1421.**

District of Columbia Court of Appeals.

Submitted July 9, 2013.
Decided July 11, 2013.

Before WASHINGTON, Chief Judge, and NEWMAN and NEBEKER, Senior Judges.

PER CURIAM:

On June 22, 2012, after a bench trial in the United States District Court for the District of Columbia, respondent, Charles F. Daum, was found guilty of three counts of obstruction of justice in violation of 18 U.S.C. § 1503, one count of conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371 and 1503, and two counts of subornation of perjury in violation of 18 U.S.C. § 1622.

Bar Counsel filed certified copies of respondent's conviction with this court on August 27, 2012, and we suspended respondent on September 5, 2012, pursuant to D.C. Bar R. XI, § 10(c). We directed the Board on Professional Responsibility (the "Board") to institute a formal proceeding to determine the nature of respondent's offenses and whether they involve moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001). The Board has filed a report finding that respondent's convictions involve moral turpitude *per se* and recommending disbarment pursuant to D.C.Code § 11–2503(a) (disbarment upon conviction of crime involving moral turpitude). The Board's recommendation is unopposed.

"Disbarment for conviction of an offense reached by § 11–2503(a)—i.e., involving moral turpitude—is mandatory." *In re Zodrow,* 43 A.3d 943, 944 (D.C.2012) (quoting *In re Patterson,* 833 A.2d 493, 493 (D.C.2003)). "[I]f an offense 'manifestly involve[s] moral turpitude by virtue of [its] underlying elements,' disbarment is mandatory without inquiry into the specific conduct that led to the conviction." *Id.* at 944 (quoting *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc)). We have already held that obstruction of justice in violation of 18 U.S.C. § 1503 and conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371 and 1503 are crimes of moral turpitude *per se. See, e.g., In re Colson,* 412 A.2d at 1165 (finding obstruction of justice in violation of 18 U.S.C. § 1503 an offense inherently involving moral turpitude); *In re Gormley,* 793 A.2d 469, 470 (D.C.2002) (finding conspiracy to commit obstruction of justice in violation of 18 U.S.C. §§ 371 and 1503 a crime of moral turpitude *per se* ). We have also held that perjury and perjury-related offenses, such as subornation of perjury, involve moral turpitude *per se. See In re Corizzi,* 803 A.2d 438, 442 (D.C.2002). Therefore, respondent's disbarment is mandatory under D.C.Code § 11–2503(a).

Accordingly, we order that respondent Charles F. Daum be disbarred from the practice of law in the District of Columbia, effective immediately, and that his name be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, the period of disbarment shall not be deemed to commence until respondent files an affidavit that conforms to the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*