*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-449

IN RE DOUGLAS R. ARNTSEN, RESPONDENT.

A Suspended Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 483328)

On Report and Recommendation of the
Board on Professional Responsibility
(BDN 13-BD-043)

(Submitted January 23, 2014                    Decided February 27, 2014)

Before WASHINGTON, *Chief Judge*, BLACKBURNE-RIGSBY, *Associate Judge*, and FARRELL, *Senior Judge*.

PER CURIAM: Respondent, Douglas R. Arntsen, was admitted by motion to the Bar of the District of Columbia Court of Appeals on October 17, 2003, and assigned Bar Number 483328. On October 2, 2012, respondent pleaded guilty in the Supreme Court of the State of New York, New York County, to three counts of first-degree grand larceny, in violation of New York Penal Code § 155.42, and one count of a first-degree scheme to defraud, in violation of New York Penal Law § 190.65. On October 17, 2012, respondent was sentenced to four to twelve years imprisonment on each of the three counts of first-degree grand larceny and one to three years of imprisonment on the first-degree scheme to defraud count. He was also ordered to pay restitution in the amount of $10,781,185.

Bar Counsel filed certified copies of respondent's convictions with this court on May 1, 2013,[1] and we suspended respondent on May 31, 2013, pursuant to D.C. Bar R. XI, § 10 (c). We also directed the Board on Professional Responsibility (the "Board") to institute a formal proceeding to determine the nature of respondent's offenses and whether they involve moral turpitude within the meaning of D.C. Code § 11–2503 (a) (2001). The Board has filed a report finding that respondent's convictions involve moral turpitude *per se* and recommending disbarment pursuant to D.C. Code § 11–2503 (a) (disbarment upon conviction of crime involving moral turpitude). The Board's recommendation is unopposed.

"Disbarment for conviction of an offense reached by § 11–2503 (a)—i.e., involving moral turpitude—is mandatory." *In re Zodrow*, 43 A.3d 943, 944 (D.C. 2012) (quoting *In re Patterson*, 833 A.2d 493, 493 (D.C. 2003)). "[I]f an offense 'manifestly involve[s] moral turpitude by virtue of [its] underlying elements,' disbarment is mandatory without inquiry into the specific conduct that led to the conviction." *Id.* at 944 (quoting *In re Colson*, 412 A.2d 1160, 1164 (D.C. 1979) (en banc)). We have previously held that the crimes of grand larceny in the second- and third-degree under New York law constitute crimes of moral turpitude *per se*. *See, e.g.*, *In re Saad*, 41 A.3d 716 (D.C. 2012) (per curiam) (third-degree grand larceny in violation of New York Penal

---

[1] Respondent did not report his guilty plea or the criminal judgment to the Court and the Board as required by D.C. Bar. R. XI, § 10(a). Bar counsel learned of the conviction from a newspaper article.

Law § 155.35); *In re McCoole*, 791 A.2d 910 (D.C. 2002) (per curiam) (second-degree larceny in violation of New York Penal Law § 155.40(1)). As a crime involving theft, first-degree grand larceny in violation of New York Penal Law § 155.42 is also a crime of moral turpitude *per se*. Because respondent has pleaded guilty to crimes that involve moral turpitude *per se*, we need not reach the question of whether his conviction for a first-degree scheme to defraud inherently involves moral turpitude. Therefore, respondent's disbarment is mandatory under D.C. Code § 11–2503 (a).

Accordingly, we order that respondent Douglas R. Arntsen be disbarred from the practice of law in the District of Columbia, effective immediately. For the purposes of reinstatement, the period of disbarment shall not be deemed to commence until respondent files an affidavit that conforms to the requirements of D.C. Bar R. XI, § 14 (g). *See In re Slosberg*, 650 A.2d 1329, 1331 (D.C. 1994).

*So ordered.*